[S. F. No. 4737.   In Bank.—December 27, 1906.]

## EDWARD LYNCH, Petitioner, v. SUPERIOR COURT OF THE CITY AND COUNTY OF SAN FRANCISCO, etc., et al., Respondents.

MANDAMUS — CONTINUANCE FOR SICKNESS OF PARTY — DISCRETION OF COURT.—A writ of mandate will not lie to control the discretion of the court in refusing a continuance, notwithstanding the sickness of a party preventing his attendance on the court. Such sickness does not *ipso facto* require the court to grant the application. It is for the trial court in all cases, except where otherwise expressly provided by statute, to determine whether or not the circumstances shown upon an application are such as to make it proper that a continuance should be granted, and its conclusion thereon will not be disturbed unless there has been a plain abuse of discretion.

APPLICATION for Writ of Mandate to the Superior Court of the City and County of San Francisco.   Frank J. Murasky, Judge.

The facts are stated in the opinion of the court.

Edward Lynch, and Bertin A. Weyl, for Petitioner.

THE COURT.—The application for a writ denied.

In denying the application, it is proper to say that the sickness of a party to an action, preventing his attendance on the court, does not *ipso facto* require the court to grant an application for a continuance, made on his behalf. It is for the trial court in all cases, except where otherwise expressly provided by statute, to determine whether or not the circumstances shown upon an application for a continuance are such as to make it proper that a continuance should be granted, and its conclusion thereon will not be disturbed unless there has been a plain abuse of discretion.   We make this statement in view of the fact that it is alleged in the petition that in granting continuances heretofore made, the court said that it was of the opinion that it is not a matter of discretion with the court to refuse a continuance, where it is made to appear that the defendant is unable by reason of sickness to

appear. There is no decision of this court which can be properly construed as denying the discretion of the trial court in such cases.