[Civ. No. 6911. Third Dist. Jan. 14, 1944.]

CAPITAL NATIONAL BANK OF SACRAMENTO (a National Banking Association), as Executor, etc., et al., Plaintiffs and Appellants, v. THEO. SMITH et al., Respondents; BARBARA G. DE BLES et al., Defendants and Appellants.

INTERNATIONAL METALS DEVELOPMENT COMPANY (a Corporation), Plaintiff and Respondent, v. THEO. SMITH et al., Defendants and Respondents; BARBARA G. DE BLES et al., Appellants.

330

Thomas B. Leeper and Burt W. Busch for Plaintiffs and Appellants.

George I. Lewis for Defendants and Appellants.

Bronson, Bronson & McKinnon, Harold Ropers, Ralph V. Devoto and A. G. Bailey for Respondents.

THOMPSON, J.—Certain parties have appealed on various grounds from a judgment which was rendered against them in the above entitled actions which were consolidated for the purpose of trial. The suits involve title to a quicksilver mine and distribution of the proceeds from the sale thereof. The mine is situated in Lake County and was formerly owned by Alpha Quicksilver Company.

The first action was commenced in 1938 by Sam Ginsberg and Sacramento Pipe Works against Theo. Smith et al. It seeks to partition the quicksilver mine or to sell it and apportion the proceeds thereof, and also asks for an accounting and distribution of the rents, issues and proceeds to the parties entitled thereto. After the commencement of that suit Mr. Ginsberg died and Capital National Bank of Sacramento, as executor of the last will of said deceased, and other parties, were substituted as plaintiffs.

The second action was brought in November, 1940, by International Metals Development Company, the purchaser of the mine, pursuant to contract, against the plaintiffs in the first suit and numerous other parties claiming interests in the mine or in the proceeds of sale thereof. It seeks declaratory relief under section 1060 of the Code of Civil Procedure, and asks the court to construe two contracts for the purchase of the mine and to determine the interests of the various parties involved therein.

The first contract was executed September 27, 1936, between Theo. Smith, as the holder of title to the mining property in trust for some forty claimants who contributed various sums of money for the maintenance and operation of the mine, and Barbara de Bles, the first conditional contract purchaser thereof. The consideration named in that con-

tract was $100,000, payable in specified installments. It is alleged that after payments of installments aggregating about $14,000, Barbara de Bles defaulted in the covenants of her contract, which, on that account, was therefore terminated by Mr. Smith.

Theo. Smith, as trustee, then executed a similar contract of sale of the mining property to International Metals Development Company on June 20, 1940, for the sum of $100,000, payable in installments. It is alleged that all of said installments were paid in accordance with the contract and that the plaintiff has fully performed the covenants of its agreement. All installments falling due after the commencement of that action have been paid into court subject to its order and judgment. The complaint asserts that a controversy exists between the parties to said contracts regarding the validity of each of them, the alleged termination of the Smith-de Bles agreement for breach of covenants, and the respective shares of the proceeds of sale to which the numerous claimants are entitled. The court is asked to determine those issues. All interested defendants appeared by counsel, in several separate groups, and answered the material allegations of both complaints. Barbara de Bles appeared separately and filed her answer and cross-complaint in both actions, setting forth the execution and validity of her contract to purchase the mine, her alleged title thereto and a claim to all payments made by International Metals Development Company. She asks for judgment accordingly.

During the trial, Barbara de Bles, through her attorney, moved for a continuance of the trial on the ground of her illness, which motion was denied. Her attorney remained and participated in the trial, but offered no evidence in support of her contentions.

After submission of the cause and adoption of findings by the court the plaintiffs in the partition suit moved the court to be relieved from responsibility under a stipulation of facts which they had signed and filed in the consolidated cases, on the ground that they had been misled and substantially injured by the court's failure to adopt said stipulation of facts in toto and by failure to render a judgment in accordance therewith. That motion was denied. Plaintiffs' motion for new trial was also denied.

At the trial, which occurred in May, 1941, oral and documentary evidence was adduced by the respective parties,

except that no evidence was offered in behalf of Barbara de Bles. In addition to the oral and documentary evidence, a twenty-five page typewritten stipulation of facts and an agreement for judgment, signed by the attorneys representing all interested parties except International Metals Development Company and Barbara de Bles, was filed. It recites with elaborate details the various transactions with relation to the issues involved in the consolidated actions, and concedes the validity of the contract of sale from Theo. Smith, as trustee, to International Metals Development Company, and the fulfillment of its terms and conditions. It also concedes the termination of the Smith-de Bles contract for breach of covenants, but asserts that Barbara de Bles claims that her contract is in full force and that she is entitled to its fulfillment and to the proceeds derived from the subsequent contract. The stipulation definitely fixes, determines and authorizes payments to forty or more named claimants and attorneys of specified sums of money advanced for operating and maintaining the mine in the aggregate amount of $17,118.81, together with interest thereon from the respective dates of payments. It also agrees to specified amounts of other expenses paid by named individuals incident to the operation of the mine in a sum aggregating several thousands of dollars and to the value of services rendered by ten different attorneys in this litigation and incident to said mining enterprise, in the total sum of $11,843, all of which amounts are authorized to be paid. That document provides for the rendering of judgment accordingly, in the following language:

"It is stipulated and agreed by and between those parties in the foregoing entitled actions who are signatory hereto, as follows, towit:

"That the Findings of Fact and the Decree of the Court shall be in accordance with the terms hereof."

On the theory that the stipulation of facts is not binding for the reason that it was neither signed nor agreed to by all interested parties, the court adopted detailed findings on all material issues raised by the pleadings in the consolidated cases. The court specifically found that Theo. Smith held title to the mining property as trustee for forty named claimants who duly authorized him to sell the mine and account to them for the proceeds thereof; that Barbara de Bles' agreement to purchase the mine had been terminated for breach of the covenants of her contract, and that she had no

further interest therein; that the agreement for sale of the mine to International Metals Development Company was valid and binding, and that upon fulfillment of its contract that company will be entitled to a good and sufficient deed of conveyance thereto; that specified installments had been paid by the company; that forty named claimants were entitled to the sums of money contributed by them in the amounts set opposite their respective names, aggregating $17,118.81, and that the balance of the purchase price of the mine shall be paid to Theo. Smith as trustee for the parties entitled thereto. Judgment was rendered accordingly.

It must be conceded the court rejected the written stipulation of facts and the consent to render judgment accordingly. While most of the issues in the consolidated cases were determined in accordance with the stipulations, several of them were disregarded. For instance, the court allowed the respective sums of money conceded to have been contributed by the forty claimants, but disallowed the agreed interest thereon, together with other stipulated sums furnished by named claimants for payment of taxes, costs, and maintenance in an amount aggregating more than $9,000. The court also refrained from allowing attorneys' fees in accordance with the stipulation, or at all.

From the judgment which was rendered the plaintiffs in the partition suit, and several of the defendants in both actions, have appealed. Separate briefs on appeal have been filed in behalf of different parties and groups of litigants. Barbara de Bles contends that her motions for a continuance and for a new trial were erroneously denied, and that the findings and judgment are not supported by the evidence. The plaintiffs in the partition suit assert that they were misled into believing that the judgment and findings would be governed by their stipulation of facts, and that the findings adopted by the court and the judgment are not supported by the evidence. They claim that the stipulation of facts is either binding in toto, or it is absolutely invalid, in which latter case the judgment should be reversed because the court disregarded the stipulation upon which the parties thereto relied. The defendants, Viola Rablin and the administrator of the estate of John Tanner, deceased, take the position that the stipulation is binding on all parties interested therein and that the trial court should be directed to render judgment in complete accordance therewith. Some of

the respondents argue that the judgment as rendered should be affirmed. The International Metals Development Company asserts that the court properly determined from evidence adduced, independently of the stipulation of facts, that Theo. Smith holds title to the mining property as trustee, with authority to sell the property; that he executed a valid binding contract with that company which has been fulfilled in every respect, entitling it to a good and sufficient deed of conveyance; that the company is in no way interested in distributing to the beneficiaries of that trust the $100,000, which it has paid Smith for the property, and that the court properly determined from the oral and documentary evidence adduced that the former contract of purchase with Barbara de Bles was terminated for breach of covenants, and that neither she nor the company was a necessary party to the stipulation of facts. The company therefore urges this court to affirm the judgment in the declaratory relief case insofar as it determines the validity of its contract and title to the mining property.

We are of the opinion the written stipulation of facts was not intended to and that it does not bind the International Metals Development Company or Barbara de Bles. Neither of them was asked to sign that document. Neither of them is interested in the distribution of the funds received from the sale of the property. If the court had adopted the stipulation of facts in toto, the result would not have affected the rights of either of the last mentioned parties. Neither of them is aggrieved by the court's failure to accept the entire stipulation of facts. Barbara de Bles may therefore not complain of that omission, and International Metals Development Company does not complain on that account. No one contends that the company is interested in the manner of distribution of the funds which it paid for the purchase of the mining property. The findings which were adopted by the court, and the judgment, are adequately supported by oral and documentary evidence which was adduced, independently of the stipulation of facts. Barbara de Bles was represented at the trial by her attorney, and had the opportunity to offer any evidence in support of the issues presented by her answer or cross-complaint. She failed to do so. Her attorney was charged with knowledge that she had not signed the written stipulation of facts; that she did not rely upon that document and was not bound thereby. She may not

now complain of the court's failure to accept the facts contained in that instrument.

We will first address ourselves to the issues presented on appeal by Barbara de Bles.

■ The court did not err in setting the case for trial, upon notice, or in refusing to continue the trial on application of the attorney for Barbara de Bles, on account of her absence on the ground of illness, for the reason that it does not appear the defendant was thereby prejudiced, and because no formal application for the continuance was made as required by law.

The complaint in the last mentioned case was filed in September, 1940. March 24, 1941, the defendant Barbara de Bles filed a demurrer to that complaint. Upon notice duly served by mail upon Charles L. Gilmore, attorney for said defendant, and upon the other defendants, the case was first set for trial for May 5, 1941. On the last mentioned date the attorneys for all defendants, except Mr. Gilmore, were present. The case was then continued to May 26th, at which time Mr. Gilmore was also absent. Mr. Harold Ropers, an attorney for plaintiff, was then sworn and testified that he notified Mr. Gilmore in April that "the case is set for trial on May 5th," and that the demurrer of defendant Barbara de Bles should be disposed of; that Gilmore then told him he would have the demurrer overruled and that he would file his client's answer within ten days. No objection to the designated time of trial was made. This amounted to a consent to try the case on that date. The answer and cross-complaint of defendant Barbara de Bles was in fact filed April 28, 1941. On May 17th, Mr. Ropers again notified Gilmore by mail of the continuance of the trial to May 26th. Ropers' affidavit to that effect was filed. No appearance was made in behalf of Barbara de Bles on May 26th, and no formal application for continuance was then made. The cause was, however, partially tried and then continued to June 16, 1941, at which time all parties were represented in court by counsel. Mr. Gilmore then orally moved for a further continuance on account of the alleged illness of his client. The certificates of two physicians were filed, but no affidavit in support of the motion was filed, and no oral evidence in support thereof was adduced. An objection to the requested continuance was made by one of the attorneys for defendants, on the ground

that the motion was not supported by affidavits or other proper evidence. In effect, the motion was denied for lack of a proper showing therefor. The court then proceeded with the trial of the consolidated cases. Charles L. Gilmore was present during the trial. The court found that "due notice of time and place of trial having been given *to all parties* to said causes," and that "Charles L. Gilmore, Esq., appearing for the defendant Barbara de Bles," on June 16, 1941, the trial should proceed at that time.

Mr. Gilmore was legally notified of the time of trial on May 5th, and of the date May 26th, to which the trial was continued. He made no objection to either date of trial. On the contrary, his conduct amounted to consent thereto. ■ After due notice of the original date of trial it became the duty of said defendant's attorney to exercise diligence to inform himself of subsequent continuances of the trial. In the *Estate of Bell,* 58 Cal.App.2d 333, it is said at page 336 [136 P.2d 804]:

"After notice has been properly given in the first instance, it becomes the duty of all interested parties to keep themselves informed by diligent inquiry of subsequent continuances of the hearing." (*Langdon* v. *Blackburn,* 109 Cal. 19, 28 [41 P. 814]; *Abels* v. *Frey,* 126 Cal.App. 48 [14 P.2d 594]; 11B Cal.Jur. 573, § 1118.)

■ There was a substantial compliance with the provisions of Rule I, of Rules of the Superior Courts. (213 Cal. lxxxi.) We are not informed as to whether the memorandum required by said rule of court was actually filed. In the absence of a showing to the contrary, we must assume the rule was complied with. ■ The formal adherence to the provisions of that rule was waived by the defendant under the circumstances of this case. That objection may not be made for the first time on appeal. In *Helbush* v. *Helbush,* 209 Cal. 758, it is said on page 764 [290 P. 18]:

"Whether in a given case the disregard of the rule would amount to a reversible error or irregularity would necessarily depend on the facts and circumstances of that particular case."

■ Where the judgment recites that due notice of the time and place of trial was given to all parties, as it does in the present case, we must assume that the provisions of the rule of court with respect to setting cases for trial was

fully complied with. (*Johnston* v. *Callahan*, 146 Cal. 212, 214 [79 P. 870].) Even in the absence of such notice, the presence at the trial and participation therein by counsel for an interested party, waives that notice in the absence of a showing of prejudice therefrom. (*Horstmyer* v. *Trial Board of Sacramento*, 21 Cal.App.2d 533, 538 [69 P.2d 1021].) There is no merit in the contention that the court erred in setting the case for trial or in continuing it to the later date of June 16th, when the trial was actually completed.

 Likewise there is no merit in the contention that the court erred in refusing to grant the motion of defendant Barbara de Bles for a continuance of the trial, which was orally made on June 16th. No affidavits were filed and no oral evidence was adduced in support of that motion. No showing of prejudice to that defendant on account of the denial of said motion was shown. The convenience of numerous attorneys and other interested parties and the expeditious proceedings of the court would have been injuriously affected by that requested continuance. It is true that liberality should be exercised in granting continuances when they are not prejudicial to the interests of other parties to the actions. (*Ross* v. *Thirlwall*, 101 Cal.App. 411 [281 P. 714]; *Canal Oil Co.* v. *National Oil Co.*, 19 Cal.App.2d 524 [66 P.2d 197]; *Callegari* v. *Maurer*, 4 Cal.App.2d 178 [40 P.2d 883].)

 The granting or denial of a motion for continuance of the trial is within the sound discretion of the trial judge, and such an order will not be disturbed on appeal except for an abuse of discretion. (*Canal Oil Co.* v. *National Oil Co., supra; Callegari* v. *Maurer, supra*; 2 Bancroft's Code Pr., 1511, § 1058.) An application for continuance should be supported by either affidavits or other valid proof satisfactorily showing the necessity for the presence of the absent party or witness, the fact that the interest of the party will suffer by his absence; and reasonable assurance that the party may be present at a future specified date to which the trial may be continued. (*Ross* v. *Thirlwall, supra*; 2 Bancroft's Code Pr., 1517, § 1064.) If the postponement is sought to procure the evidence of a party to the action or other witness, due diligence and the materiality of the evidence must be shown by affidavits. (§ 595, Code Civ. Proc.; *Ross* v. *Thirlwall, supra*.) None of the foregoing necessary requirements for the granting of a continuance were complied with.

It does not appear that the defendant was prejudiced thereby. The court therefore did not err in refusing the application for a continuance.

For the foregoing reasons the motion of Barbara de Bles for a new trial on those same grounds was properly denied.

The appellant Barbara de Bles challenges finding number XII as an insufficient determination of her breach of contract with Smith, dated September 27, 1936, for the reason that said finding merely states "conclusions of law." It is further asserted that finding is not supported by the evidence, for the reason that deferred payments under the contract were thereafter accepted, constituting a waiver of the prescribed times for making payments. The brief fails to point out any evidence of acceptance of such deferred payments.

■■■ The challenged finding specifically determines that the defendant Barbara de Bles defaulted in performance of the terms, covenants and conditions of the Smith-de Bles agreement, and that Smith terminated that contract on January 24, 1940, on that account; that all of the rights of said defendant under the contract were thereby terminated, and that she thereafter held no assignable or other interest in said property. Finding number XII is a sufficient determination of the ultimate facts to the effect that the contract of Barbara de Bles, dated September 27, 1936, was terminated for breach of covenants to pay installments at specified times, that she is possessed of no interest in the property, and that title to said property was subsequently conveyed pursuant to a valid contract of sale to International Metals Development Company. It is evident that if more specific findings upon that subject were adopted, they would necessarily be adverse to that defendant. ■■■ It is the established rule that ultimate facts, only, should be found. It is usually unnecessary and improper to incorporate evidentiary facts in the findings. (*Weger* v. *Rocha*, 138 Cal.App. 109, 113 [32 P.2d 417]; 24 Cal.Jur. 968, § 203.) In the Weger case, last cited, the syllabus correctly states the foregoing principle in part as follows:

"The finding that a release signed by plaintiff was void and was secured by fraud, duress, menace and undue influence, was not subject to the objection that it was only a conclusion of law and not sufficient even though it was sustained by the evidence."

■ Furthermore, the inferences which this court may draw in support of the judgment necessarily lead to the conclusion that the trial court correctly determined that the contract of Barbara de Bles was terminated for failure to pay stipulated installments pursuant to that agreement, and that she thereafter had no title in the property. That objection to the findings is not reversible error even though it may be deemed to lack definite application, for the reason that the adoption of more specific findings on that subject would necessarily be adverse to that defendant. (*Hulen* v. *Stuart*, 191 Cal. 562, 572 [217 P. 750]; *Boas* v. *Bank of America*, 51 Cal.App.2d 592, 598 [125 P.2d 620]; *Mammoth Gold Dredging Co.* v. *Forbes*, 39 Cal.App.2d 739, 753 [104 P.2d 131]; 24 Cal.Jur. 944, § 188.)

■ The challenged finding is adequately supported by the evidence. While it is true that the dates for payments of certain installments were extended, it sufficiently appears that they were not paid on or before the extended dates. We are pointed to no evidence warranting an inference that the times of payments of installments were waived.

Theo. Smith testified at the trial that he acquired title to the property and entered into an agreement with Barbara de Bles, in September, 1936, to sell the mine, and that she subsequently defaulted in payments of certain installments, but that, in September, 1939, he extended the times within which those deferred payments might be made, but that she again defaulted in those payments, on account of which, after due notice and demand, he terminated her contract. He also testified that thereafter he executed a similar contract in June, 1940, to sell the mine to International Metals Development Company, upon the same terms, the covenants of which agreement were fully performed by the company.

J. A. Falkenstein testified that he was secretary of the Creditors' Committee, and that Theo. Smith was employed by it to hold title to the mining property in trust for the benefit of the creditors; that the committee authorized Mr. Smith to terminate the agreement of purchase with Barbara de Bles on account of her breach of covenants, which he did, and that he was thereafter authorized to, and did subsequently enter into a similar contract to sell the mine to International Metals Development Company for the sum of $100,000, to be paid in specified installments, that the company fulfilled the covenants of its agreement, and that

Mr. Smith accounted to the committee for all payments received on that account.

Doctor A. Johnston testified that he was a member of the creditors' committee, which held title to the mining property, and that the committee authorized Mr. Smith to terminate the contract with Barbara de Bles for breach of covenants, which he did, and that he was thereafter authorized to and did execute a similar agreement with International Metals Development Company, the terms of which were fully complied with, and that Mr. Smith accounted to the committee for all payments received on that account.

The findings which were adopted by the court with respect to the title to the mining property, the cancellation of the Smith-de Bles contract for breach of covenants, the execution and fulfillment of the subsequent agreement with International Metals Development Company, and the validity of its title to the property, are adequately supported by the evidence, independently of the stipulation of facts.

The adopted findings are not in conflict with the stipulation of facts. That stipulation is not void merely because it fails to determine all of the facts with relation to the numerous issues of both consolidated cases. It is valid and binding on the parties who authorized it to be signed, to the extent that it determines the facts and amounts to which each of them is entitled from the proceeds of sale of the property, regardless of the fact that two other parties to the litigation who are not interested in the disposition of said proceeds, did not sign the stipulation. Neither Barbara de Bles nor International Metals Development Company was interested in that phase of the litigation, or in the distribution of the proceeds of the sale. The company is interested only in fulfilling its contract, in paying to the parties entitled thereto the agreed purchase price, and in procuring a good and sufficient deed of conveyance and title to the mine. For that reason all installments which became due after the commencement of its action for declaratory relief were paid into court for the benefit of the parties entitled thereto. It was not necessary for the two parties last mentioned to join in the stipulation to render it valid and binding.

It is true that when two or more cases are consolidated for trial they are deemed to constitute a single action, only, and that, under such circumstances, but one set of findings is ordinarily required. (*Stanton* v. *Superior Court*,

202 Cal. 478, 484 [261 P. 1001].) ▮ However, we know of no rule which precludes the court from adopting findings upon issues not determined by a stipulation of facts. It follows that while the court in this case was bound by the stipulation of facts between the parties interested therein, it was authorized to adopt findings, not in conflict therewith, upon other issues necessary to the determination of the rights of other litigants who failed to sign the stipulation. The adoption of findings determining further facts does not render the stipulation void.

▮ We are of the opinion the stipulation which was filed in these consolidated cases is binding on the court with respect to all essential agreements of facts therein contained between the interested parties who signed the same and that the judgment should be modified to conform to that stipulation, including the allowance and distribution of proceeds of said sale of property to the various named claimants and attorneys in the agreed sums specified.

It has been uniformly held the court may not adopt findings in conflict with stipulated facts. (*Wilson* v. *Mattei,* 84 Cal.App. 567, 573 [258 P. 453].) A stipulation of counsel at the trial of a case, agreeing that specified material facts upon essential issues may be considered as evidence, and that a judgment shall be rendered accordingly, is binding upon the respective parties thereto and upon the court. (*Haese* v. *Heitzeg,* 159 Cal. 569 [114 P. 816]; *People* v. *Gabriel,* 57 Cal.App.2d 788, 792 [135 P.2d 378]; 23 Cal.Jur. 816, §§ 7 and 12; 2 Jones Comm. on Evidence, 2d ed., 1759, § 9551; 60 C.J. §§ 68-78.) In the authority last cited it is said on page 83 thereof:

"An agreed statement of facts on which the parties submit the case for trial is binding and conclusive on them, and they will not be permitted to deny the truth of the facts stated, nor be heard to claim that there are other facts that the court may presume to exist; and the burden is on the party seeking to recover and show his right from such facts. So, also, *the court is conclusively bound by the facts stated and must render judgment according as the facts agreed upon require.* Such a stipulation does not embrace and include the law of the case, but only the facts." (Italics added.)

▮ The trial court should have adopted the entire stipulation of facts since it was authorized to be and was actually signed by the attorneys of all the parties who are interested in

the distribution or partition of the proceeds of the sale of the mining property, and it therefore became binding on the court. In addition to the findings which were adopted, the court should also have allowed each interested party named in the stipulation the several amounts, together with interest thereon, which were expended by them incident to the maintenance of said mining enterprise, and also the agreed attorneys' fees for services performed, according to the express terms of the stipulation. The stipulation also designates the Capital National Bank of Sacramento as the "Depositary and Escrow Holder of all moneys, funds and documents herein referred to, and the payee of all payments which hereafter may be made by said International Metals Development, Inc." It appears that all installments have been fully paid under the contract of the last mentioned company. The record contains no evidence in conflict with that stipulation. Judgment should be rendered accordingly.

When a written stipulation of facts authorizes the rendering of judgment accordingly, that agreement should be construed with and it becomes controlling over the pleadings. It has been held the stipulation merges with the pleadings and is controlling with respect to the agreed facts therein contained. (*Alderson* v. *Cutting*, 163 Cal. 503 [126 P. 157, Ann.Cas. 1914A 1], 60 C.J. 82, § 75.) In the authority last cited it is said in that regard:

"The legal effect of a stipulation as to facts, it has been held, is to incorporate into the pleadings all the facts agreed upon as one of the allegations thereof; . . . Where judgment is based not on the pleadings alone, but on pleadings and a stipulation admitting a designated fact, the stipulation is controlling, regardless of any allegations of denial thereof in the pleadings."

When an issue is admitted by stipulation, a finding on that subject ordinarily becomes unnecessary. (*Alderson* v. *Cutting, supra; Wilson* v. *Mattei,* 84 Cal.App. 567, 572 [258 P. 453].) In the present consolidated cases, however, the entire facts with respect to all of the issues were not stipulated. The court adopted findings, but failed to accept all of the stipulated facts.

To avoid the necessity of a reversal, we are disposed to adopt a supplemental finding including therein the remaining undisputed items of expenditures and the amounts of attorneys' fees which were agreed upon in the stipulation of facts.

In accordance with article VI, section 4¾ of the Constitution, and section 956a of the Code of Civil Procedure, this court adds to Finding Number XIII, the following determination of facts based on the stipulation which was filed in these consolidated cases, to wit: ''The aforesaid claimants and beneficiaries are also entitled to payment of the amounts appearing opposite their respective names on pages 2 and 3 of the written stipulation, as accrued interest on the several sums allowed from the dates of payments thereof; the various claimants and beneficiaries named on pages 6, 7, 8, 9, 10 and 11 of said stipulation have expended and are entitled to the amounts and interest appearing opposite their respective names, to reimburse them for moneys expended for costs, and maintenance incident to the operation of said mining property; the parties and claimants named on page 12 of the stipulation have expended and are entitled to recover the amounts appearing opposite their respective names, to reimburse them for services performed and for moneys expended, as approved by the Committee, incident to the operation of said mine; the trustee, Theo. Smith, has expended and is entitled to recover the aggregate sum of $877, to compensate him for payment of property and income taxes on the mine as itemized on page 12 of the stipulation; the attorneys named on pages 13 and 14 of the stipulation have expended and are entitled to recover the amounts appearing opposite their respective names, as costs and disbursements incident to the litigation in these suits; the attorneys named on pages 12 and 13 of the stipulation have performed legal services of the specified values, and are entitled to recover the agreed sums appearing opposite their respective names, as compensation for professional services rendered incident to the litigation in these actions.''

The motions of plaintiffs in the partition suit to set aside the stipulation of facts authorized by them to be signed, on the ground of mistake and to open the case for the introduction of further evidence, and the motion for new trial on the same ground, were properly denied. Those motions were addressed to the sound discretion of the court. Its rulings on said motions may not be interfered with, except for an abuse of discretion. No such abuse of discretion appears from the record on appeal.

The judgment is modified by adding thereto the adjudication that the named parties and attorneys referred to in the

foregoing findings are entitled to recover and they shall be paid the respective sums of money from the proceeds of sale of the mining property specified in the written stipulation of facts; that the Clerk of the Superior Court of Lake County is directed to pay to The Capital National Bank of Sacramento, the designated depositary and escrow holder, the balance of all money paid into court in these consolidated cases; that the balance of all money remaining on hand after payment of the specific sums heretofore authorized shall be paid out by the depositary and escrow holder to the parties entitiled thereto as provided in the stipulation of facts; that The Capital National Bank of Sacramento, as the agreed depositary and escrow holder of all funds and documents is authorized and directed to make all said payments of money in accordance with said stipulation of facts and the amended findings as previously stated; and that Theo. Smith is authorized and directed to execute and deliver to said depositary for the purchaser thereof a good and sufficient deed of conveyance of the mining property as provided in paragraph H on page 23 of said stipulation of facts.

As so modified the judgment is affirmed.

Adams, P. J., and Peek, J., concurred.

Respondents' petition for a hearing by the Supreme Court was denied March 13, 1944.