[Civ. No. 13489. First Dist., Div. Two. Nov. 13, 1947.]

JACK HURLEY, JR., Respondent, v. THEODORE E. KAZANTZIS, Appellant.

Charles A. Thomasset for Appellant.

Lyman Henry and Hall, Henry & Oliver for Respondent.

DOOLING, J.—This is an appeal by defendant from plaintiff's judgment. The action went to trial in the absence of defendant. On the morning of the date set for trial, November 12, 1946, counsel made a motion for continuance on the

ground of the unavoidable absence of the defendant. Notice of time of trial had been served on counsel for defendant on October 10, 1946. Counsel's affidavit showed that he had promptly notified defendant that the case was set for trial and that on October 15 he had received a telegram from defendant advising him that he would not be able to attend the trial on November 12, and asking him to secure a continuance. No showing of facts was made that defendant's presence at the trial was necessary, nor any showing excusing the failure to take defendant's deposition in the period of over four weeks between October 15 and November 12, or of any facts expected to be proved by defendant. Neither was there any showing why the making of the motion for continuance was delayed until the date set for trial and not more promptly made. The case had previously been set for trial on May 20, 1946, and continued by agreement of counsel to accommodate defendant who was at that time also outside the state.

The granting or denial of a motion for continuance on the ground of the unavoidable absence of a party rests in the sound discretion of the court. "While the circumstance that the witness who is unable to attend is, at the same time, one of the parties should no doubt be regarded as strengthening the showing in favor of a continuance, it has never been held in this court that the unavoidable absence of a party necessarily compels the court to grant a continuance. (*Sheldon* v. *Landwehr*, 159 Cal. 778, 781 [116 P. 44].) 'It is for the trial court in all cases, except where otherwise expressly provided by statute, to determine whether or not the circumstances shown upon an application for a continuance are such as to make it proper that a continuance should be granted, and its conclusion thereon will not be disturbed unless there has been a plain abuse of discretion.' (*Lynch* v. *Superior Court*, 150 Cal. 123 [88 P. 708].)" (*Mission Film Corp.* v. *Chadwick P. Corp.*, 207 Cal. 386, 389 [278 P. 855].)

The failure of the affidavits in support of the motion to show the testimony, if any, to be expected from defendant or to state any facts tending to support the naked conclusion found in his counsel's affidavit that "it is impossible to try this matter without the attendance of the defendant," (*Ross* v. *Thirlwall*, 101 Cal.App. 411, 416 [281 P. 714]; *Gallegari* v. *Maurer*, 4 Cal.App.2d 178, 184 [40 P.2d 883]; *Capital National Bank* v. *Smith*, 62 Cal.App.2d 328, 339

[144 P.2d 665]), the failure to show any effort to take defendant's deposition or any excuse for not doing so (*Beckman* v. *Waters,* 161 Cal. 581, 588 [119 P. 922]), the want of diligence in delaying the motion for continuance until the morning set for trial and the other facts above recited are sufficient to support the order denying a continuance. What has been said equally applies to the refusal of the court at the close of the trial to grant a continuance for the purpose of taking the defendant's deposition.

The judgment was for a balance due on an open book account. The judgment is based upon repairs made upon the S. S. Vanguard in the plaintiff's yard. Defendant brought the vessel to plaintiff's yard in November, 1941, and personally arranged with plaintiff for its repair. Periodical statements were rendered to defendant and during his absence, to his employee Cocotos whom he left in charge, and were approved by defendant but no payments were made by defendant. It is fairly inferable from the testimony that defendant, before bringing the ship to plaintiff, had entered into negotiations with the owners to purchase the vessel and had made a payment of $1,750 as earnest money. On December 4, 1941, one Skaggs addressed a letter to plaintiff disclaiming as representative of the owners any responsibility for the repairs.

About the middle of February, 1942, the repairs on the vessel were completed and the amount owing therefor was $16,059.37. The owners of the vessel were demanding possession and disclaiming any lien upon the Vanguard for the repairs. Plaintiff finally entered into a written agreement with the owners whereby he agreed to the sale of the Vanguard to Transmarine Navigation Corporation by the owners for $25,000 free and clear of any liens that he might have and the owners agreed to pay plaintiff the difference between $16,000, plus their expenses and the sale price. It further recited that Skaggs is holding $1,750 received from defendant, which he feels obligated to use toward discharging any liens upon the vessel created by defendant's acts and if there are no other such lien claimants that amount will likewise be paid to plaintiff. Plaintiff further agreed to exclude from the vessel all persons except his employees and representatives of Skaggs pending the sale.

The contemplated sale was made and plaintiff received under the above agreement $9,229.17, for which he gave de-

fendant credit. The judgment appealed from is for the balance of $6,830.20.

On the merits appellant makes two arguments:

■ 1. That the receipt of $9,229.17 amounted to an accord and satisfaction.

There can be no accord and satisfaction unless the creditor agrees to accept something different from or less than that to which he is entitled in extinction of the debt. (Civ. Code, §§ 1521, 1523.) While plaintiff surrendered any claim of lien in consideration of the payment by the owners he did not agree to accept the payment in full satisfaction of defendant's obligation. Nor can there be an accord and satisfaction in the absence of a bona fide dispute as to the amount due. (1 Cal.Jur. 131.) There was no dispute between plaintiff and the owners as to the amount due but only on the question of whether plaintiff had a lien upon the vessel.

■ 2. That the ouster of defendant and refusal to redeliver the vessel to him was wrongful and amounts to a failure of consideration.

In his letter of December 4, 1941, above referred to, Skaggs wrote:

"I, as managing owner of the ship, have been negotiating its sale to Th. E. Kazantzis, but no agreement of sale has as yet been signed."

Cocotos testified that he translated this letter to defendant and defendant "told me to tell Mr. Hurley, 'Don't worry, I will pay the ship and I will pay also all your bills up to the last cent.' "

The trial court was entitled to construe this reply of defendant as an implied admission of the truth of the statement quoted from the letter. There is no proof that any agreement of sale was thereafter entered into and hence no proof that defendant had any right of possession which he could assert against the owners.

Judgment affirmed.

Nourse, P. J., and Goodell, J., concurred.