[Civ. No. 16501. Second Dist., Div. One. Nov. 19, 1948.]

H. C. WHITE, Respondent, v. OLETA NEWSOM RURUP, Appellant.

Paul Barksdale d'Orr, Wallace L. Ware and Bryce Swartfager for Appellant.

Henry J. Sullivan and Claude B. Morton for Respondent.

DORAN, J.—This is an appeal from the judgment.

On the day of trial one of defendant's attorneys "moved the court for permission to withdraw"; said motion which theretofore had been duly noticed, was denied. A motion for a continuance by defendant was also denied.

The sole issue on appeal is whether the denial by the court of the above-mentioned motions amounted to an abuse of discretion.

Appellant argues, "With the utmost deference and confidence—for it has been said by the highest tribunals, para-

phrased by the oracles of Scripture, and sadly sung by the greatest of the poets—we submit that hearing but one side is no trial; it is little more than the simulacrum of a trial, and justifiable only (a) by the indifference or contumacy of one of the litigants, or (b) by his action *pro confesso.*"

The record reveals that the action was filed September 20, 1946; the answer filed October 2, 1946. The case was set for trial August 1, 1947. Ten months elapsed between the date the answer was filed and the trial date. Defendant was represented by Attorneys Sturzenacker and Isenberg. On the day of trial Attorney Sturzenacker's motion to withdraw was granted. Attorney Isenberg continued to represent defendant.

The action was for attorneys' fees in connection with a divorce suit. Defendant's husband was not a party to the within action, but appeared at the trial thereof at which time the following discussion occurred.

"MR. RURUP: Pardon me, your Honor, I am not familiar with court procedure but I am the husband of the defendant. May I make a statement or two that might clarify some of this situation for Mr. Sullivan?

"THE COURT: What do you want to say, you are not a party here?

"MR. RURUP: No, but I would like to refresh his memory as to some of his statements.

.    .    .    .    .    .    .    .    .    .

"MR. RURUP: I might add that I never answered the complaint that Mrs. Rurup filed. It was never answered for the simple reason that I knew there was undue influence being used on Mrs. Rurup from the outside.

"THE COURT: I am not going into that, sir, nor have you any position here to tell me. If you wanted to file an answer you could, or she could, and be here. He is not asking for that. He is asking for the preparation of this matter. Is there anything else?

"MR. RURUP: That is all."

At the conclusion of the trial the court commented in part as follows:

"I am going to give the judgment for the full amount. I think he has earned it. I think it is a reasonable fee and it could be a lot more . . . I do not know the difference between you and your wife but I do know the issue presented to me and I am going to find for the full amount and give judgment for the full amount. I have gone into this matter

in detail because I knew you were not represented by counsel here and I went into it thoroughly and went into each item and I am satisfied that that amount is a fair amount.

"The judgment will be in the sum of $2,500 as prayed. . . . I merely make that statement to you because I think from what I have heard of the work he did and for which he got nothing, that if your wife incurred those obligations they are due."

Respondent submits that, "Appellant was afforded every *opportunity* to have her day in court; she had ample time to secure other counsel if she had believed that her then counsel's statements, they desired to withdraw, was made in good faith; she was in communication with her counsel up to a short time before the day of the trial. We repeat that the conduct of appellant and her then counsel from the time the answer was filed up to the day of the trial showed a concerted scheme and plan to delay the trial of this action." (Italics included.)

An examination of the record and in particular the affidavits in support of and in opposition to the motions reveals no prejudicial errors. There appears to have been no abuse of discretion and the evidence supports the judgment. [2] Appellant's argument that "plaintiff would have suffered no prejudice from granting" the motion for a continuance and "from awarding a new trial," is immaterial; it is not the test for the determination of such issues. In such circumstances the trial court determines only the sufficiency of the showing in support of the motion. The burden is on appellant to show an abuse of discretion. (*Beckman* v. *Waters,* 161 Cal. 581 [119 P. 922]; *Lynch* v. *Superior Court,* 150 Cal. 123 [88 P. 708]. 5 Cal.Jur. 962.)

The judgment and orders are affirmed.

York, P. J., and White, J., concurred.