[Civ. No. 18611.   Second Dist., Div. One.   Mar. 31, 1952.]

E. C. HANSEN, Respondent, v. SOL BERNSTEIN, Appellant.

Harry Brody for Appellant.

Marshall & Farnham and J. F. Marshall for Respondent.

WHITE, P. J.—Defendant has appealed from a judgment entered against him for the recovery of money and also from an order denying his motion under section 473 of the Code of Civil Procedure to vacate the judgment on the grounds that it was taken against him through his mistake, inadvertence, surprise and excusable neglect.

The complaint herein, filed in September, 1947, was based upon a promissory note executed and delivered by defendant to one Sophie Lieberman in May, 1943, whereby defendant agreed to pay the sum of $3,500 at the rate of $200 per month commencing July 1, 1943. Plaintiff herein is the assignee of Sophie Lieberman. It was alleged that no part of the money due had been paid except the sum of $200. The defense set forth in the answer was that the obligation had been fully discharged, in that at the time of the execution of the note defendant also assigned to Mrs. Lieberman a mortgage covering certain real property in New York City pursuant to an oral agreement that the mortgage would be held as collateral security; that Mrs. Lieberman foreclosed the mortgage and took possession of the real property and thereby received "in cash or its equivalent" an amount greatly in excess of her claim. It was further pleaded that the action was barred by the four-year statute of limitations (Code Civ. Proc., § 337). By cross-complaint defendant sought to recover damages from Mrs. Lieberman for her failure to account for the value of

the property so acquired by her or the rents, issues and profits thereof.

After many continuances at the request of defendant, the cause came on for trial on January 31, 1951, at which time defendant's then counsel moved for a continuance on the ground that defendant was in the hospital in preparation for an operation to remove a kneecap because of osteomyelitis resulting from an injury received in an automobile accident. The court denied the motion, but because of the condition of the calendar continued the case to February 2, 1951. On this date neither defendant nor his counsel appeared, and upon the evidence offered by plaintiff, the court entered judgment. Thereafter defendant's present counsel filed a notice of motion to set aside the judgment on the grounds of mistake, inadvertence, surprise and excusable neglect, which motion was heard and denied on March 5, 1951.

Appellant urges that it was an abuse of discretion to deny his motion, because he was placed in the situation of being unable to attend the trial without fault on his part by reason of a situation which ordinary prudence could not have guarded against. ▇ It is true that sound policy favors the determination of actions on the merits and any doubts which may exist should be resolved in favor of the application for relief (*Friedrich* v. *Roland,* 95 Cal.App.2d 543, 552 [213 P.2d 423] ; *Brill* v. *Fox,* 211 Cal. 739, 743 [297 P. 25] ). ▇ The decision of the trial court when relief is sought under section 473 (as was said in *Elms* v. *Elms,* 72 Cal.App.2d 508, 513, 519 [164 P.2d 936] ) ''must be rooted in a sound discretion, based upon a fair consideration of the total evidence and· grounded upon principles of justice and fair dealing. It is not a mental discretion but an impartial discretion guided by fixed legal principles 'to be exercised in conformity with the spirit of the law, and in a manner to subserve and not to impede or defeat the ends of substantial justice.' . . .'' ▇ Further, it is true that while courts of appeal are reluctant to interfere with the discretion of the trial court, it is equally true that denials of such relief by the trial court are scanned more carefully than cases where the trial court has granted the relief, to the end that wherever possible cases may be heard on their merits. (*Brill* v. *Fox, supra,* p. 743.) We have examined the record in the light of these rules and are convinced that no abuse of discretion has been shown.

Concededly, on January 31, 1951, the defendant was in the hospital undergoing a serious operation. His physician by

affidavit deposed that it was a physical impossibility for the defendant to be present in court for a period of at least six weeks following the operation. But consideration for the misfortune of the defendant must be balanced by a proper consideration for the rights of the plaintiff. ▮ A plaintiff who diligently prosecutes his suit is entitled to have a trial within a reasonable time, and the policy that there shall be a disposition of causes on their merits is not served when a party who is without fault is denied a determination of his cause through repeated continuances granted to the opposing party. At some point it must be ruled that the case shall without fail be tried on a day certain. ▮▮ The present cause was at issue on December 9, 1947; it was on the trial calendar on February 9, 1950, March 31, 1950, June 16, 1950, September 26, 1950, and January 31, 1951, and, to quote from the affidavit of plaintiff's counsel, "plaintiff was ready for trial on each of the above days, and on each occasion the defendant requested a continuance by reason of (a) he desired depositions taken, or (b) he was in ill health; that on each occasion the plaintiff objected to a continuance, upon the grounds (1) that the defendant had had ample opportunity to take the depositions desired; that he had an opportunity to take the deposition of the plaintiff's assignor . . . at the time her deposition was taken on behalf of plaintiff; and (2) that if the defendant desired his own testimony into evidence, and it could not be presented because of illness, the deposition of the said defendant could, with reasonable diligence, have been procured; that by continuous illnesses the plaintiff would be prevented from ever trying the case, if such was a sufficient ground for innumerable and infinite continuances."

It further appears that when the cause was called on September 26, 1950, the court continued it to January 31, 1951, with the understanding that there would be no further continuances provided the court was in a position to try the case, and that if the state of defendant's health was such that he could not be present at the trial, then he could either waive his testimony, or present his deposition.

The deposition of Sophie Lieberman, plaintiff's assignor, was taken by plaintiff in *June, 1949*, the defendant not appearing in person or by counsel. In *April, 1950*, defendant secured an order for the taking of the deposition of Sophie Lieberman and others. This deposition, it appears, was set for *November 10, 1950*, but it was not taken. Defendant's attorney on January 31, 1951, as part of his grounds for con-

tinuance, said he understood that the deposition was to have been taken *the day before,* January 30, 1951. Thus it appears that defendant had three years in which to prepare his defense, marshal his evidence and take depositions. Although warned on September 26, 1950, that the case would go to trial on January 31, 1951, the defendant delayed the taking of depositions on his behalf until the day before the trial date, and no explanation or excuse for the delay is found in the affidavits supporting defendant's motion for relief or anywhere in the record.

The showing of a necessity for defendant's presence at the trial was wholly inadequate. Plaintiff's evidence consisted solely of the depositions of Sophie Lieberman and Sim C. Binder, which we have examined, and from which it appears that the security given Mrs. Lieberman was valueless (it was a second mortgage, a fact not mentioned in defendant's pleadings), and in an effort to protect her investment she paid out, in taxes, foreclosure expenses, and on the first mortgage, a sum greater than the value of the property she acquired. All of the charges made by defendant against Mrs. Lieberman in his affirmative defense and cross-complaint were made upon his information and belief. His affidavit does not state what testimony he could give in contradiction of plaintiff's evidence, but only that he "is the only witness who can testify to many of the material portions of his defense." This is insufficient. It is plain from the record that even had defendant been able to attend in court on January 31 or February 2, he was no more prepared for trial at those times than he was at any other time during the previous years of dilatory tactics on his part.

In the case of *Hurley* v. *Kazantzis,* 82 Cal.App.2d 378 [186 P.2d 434], the denial of a continuance on the ground of unavoidable absence of a party was held not to constitute an abuse of discretion. The language of the court in pointing out the insufficiency of the showing for a continuance is applicable to the situation presented in the instant cause. "The failure of the affidavits in support of the motion to show the testimony, if any, to be expected from defendant or to state any facts tending to support the naked conclusion found in his counsel's affidavit that 'it is impossible to try this matter without the attendance of the defendant,' (*Ross* v. *Thirlwall,* 101 Cal.App. 411, 416 [281 P. 714]; *Callegari* v. *Maurer,* 4 Cal.App.2d 178, 184 [40 P.2d 883]; *Capital National Bank* v. *Smith,* 62 Cal.App.2d 328, 339 [144 P.2d 665]),

the failure to show any effort to take defendant's deposition or any excuse for not doing so (*Beckman* v. *Waters,* 161 Cal. 581, 588 [119 P. 922]), the want of diligence in delaying the motion for continuance until the morning set for trial and the other facts above recited are sufficient to support the order denying a continuance."

The burden was upon appellant to show an abuse of discretion by the trial court (*White* v. *Rurup,* 88 Cal.App.2d 692, 694 [199 P.2d 451]; *Lynch* v. *Superior Court,* 150 Cal. 123 [88 P. 708]), and this burden he has failed to sustain.

It should be pointed out that counsel who represented defendant on his motion for relief under section 473 of the Code of Civil Procedure and who represents him on appeal is not the counsel who represented defendant prior to and until January 31, 1951.

For the reasons stated, the judgment, and the order denying defendant's motion to set aside the judgment under section 473 of the Code of Civil Procedure are, and each is, affirmed.

Doran, J., and Drapeau, J., concurred.