[Civ. No. 8635. Third Dist. Sept. 13, 1955.]

MITCHELL NAHAS, as Administrator, etc., Respondent, v. JOE NAHHAS et al., Appellants.

Victor E. Cappa for Appellants.

Roy E. Anderson for Respondent.

PEEK, J.—Defendants appeal from an adverse judgment and from the order of the court denying their motion, under section 473 of the Code of Civil Procedure, to vacate said judgment and for a new trial.

Defendants' sole contention on appeal is that because of their alleged illness and inability to attend the trial, the court erred in denying their request for a continuance. As a part of the same contention they also urge that the court abused its discretion in denying their motion under section 473 of the

Code of Civil Procedure to vacate the judgment which was subsequently entered in favor of plaintiff.

The record before us shows that the case had been continued on numerous occasions, most of which were at the request of defendants, and had been at issue for more than two years. When it was finally called for hearing, defendants' counsel orally moved for a continuance and for a substitution of attorneys. No affidavits or other matter were filed in support of such motion which was denied, and the case proceeded to trial in the absence of the defendants. No evidence was introduced in their behalf; however, they were represented by their then counsel of record. Following the entry of judgment, defendants were served with notice thereof, and approximately five months thereafter they filed their notice of motion to vacate the same under said section 473. At the hearing on that motion it appeared for the first time from the supporting affidavits which were signed by the defendant Joe Nahhas, a neighbor and two doctors, that on the day the case was heard both defendants were ill and unable to travel from their homes in San Francisco to Merced. The affidavit of the defendant Nahhas further averred that prior to the trial date he had sent to the court and to plaintiff's attorney, as well as his then attorney of record, "statements and affidavits" setting forth the physical condition of both defendants, and that he thereafter telephoned Judge Sischo of the Merced County Superior Court, informing him of defendants' condition and requesting a continuance, which request was denied. Additionally defendants averred that they are advised by their present counsel that they have a "valid and substantial defense" which is more particularly set forth in their answer on file in the original proceeding; and that another action is pending between the same parties and involves the same subject matter as was here in issue.

It is defendants' contention that such showing, i.e., illness and inability to attend the trial, was sufficient to entitle them to a continuance. In support thereof four cases are cited, all of which were reviewed in *Pacific Gas etc. Co.* v. *Taylor,* 52 Cal.App. 307 [198 P. 651]. From the comment in that case it appears that in each of the cases so cited the motion for a continuance was supported by affidavits setting forth with particularity the reason for the request. An entirely different situation is presented in the case at bar in that nothing shows of record until approximately five months after the motion for continuance was made and denied.

442

■ The mere absence of a party standing alone is insufficient to compel the court to grant a continuance. (*Sheldon* v. *Landwehr,* 159 Cal. 778, 781 [116 P. 44].) ■ A continuance may be granted only upon "an affirmative showing of good cause therefor." (Superior Court rule 11.) ■ Hence, where as here, the parties are absent and no showing is made in support of the application for a continuance for that reason, it cannot be said that the court abused its discretion in denying the motion. (*Beckman* v. *Waters,* 161 Cal. 581, 588 [119 P. 922].)

■ The second portion of defendants' contention, as set forth in their brief, is summarily stated to be that the court "erred in denying . . . [their] motion for relief under Section 473, C.C.P." In the recent case of *Hansen* v. *Bernstein,* 110 Cal.App.2d 170 [242 P.2d 368], an order of the trial court denying defendant's motion to vacate the judgment taken in his absence was affirmed, and in pointing out the insufficiency of the showing for a continuance, the court quoted with approval the following passage from *Hurley* v. *Kazantzis* 82 Cal.App.2d 378, 379 [186 P.2d 434]:

"The failure of the affidavits in support of the motion to show the testimony, if any, to be expected from defendant or to state any facts tending to support the naked conclusion found in his counsel's affidavit that 'it is impossible to try this matter without the attendance of the defendant,' [citations] the failure to show any effort to take defendant's deposition or any excuse for not doing so (*Beckman* v. *Waters,* 161 Cal. 581, 588 [119 P. 922], the want of diligence in delaying the motion for continuance until the morning set for trial and the other facts above recited are sufficient to support the order denying a continuance."

For the foregoing reasons the judgment and order are affirmed.

Van Dyke, P. J., and Schottky, J., concurred.