[Civ. No. 19282.   First Dist., Div. Two.   Sept. 16, 1960.]

A & S AIR CONDITIONING (a Corporation), Respondent, v. THE JOHN J. MOORE COMPANY (a Corporation) et al., Appellants.

Jerry Rolston and Jerry K. Fields for Appellants.

Golden & Stefan and Alan G. Banks for Respondent.

SHOEMAKER, J.—This is an appeal by the defendants from an order denying their motion to set aside a default and default judgment entered against them in favor of plaintiff.

The facts are undisputed. Plaintiff filed suit on March 12, 1959, for money and interest due on two promissory notes in the principal sums of $10,000 and $18,000, and as part of their prayer asked for attorneys' fees of $2,500 and $4,500 respectively. On March 18, 1959, defendants were served with summons and complaint. Thereafter defendants' attorney, Mr. Rolston, discussed the action with plaintiff's attorney, Mr. Golden. During the conversation Rolston stated that there was no defense as to the monies due under the promissory notes, but that he felt the attorneys' fees prayed for were unreasonable; Golden replied these represented the amount for a contested case and that, in the event of default, the attorneys' fees as normally allowed would be nominal. On June 23, 1959, plaintiff requested entry of default, which was done. On July 24, 1959, plaintiff, after a hearing by the court, was granted a judgment in the sum of $28,000 together with interest, and $6,000 as attorneys' fees. In September, defendants' attorney became aware of the amount allowed

as attorneys' fees and called plaintiff's counsel. He again stated his clients had no defense to the notes themselves and that in his former conversation with Golden he had in mind the schedule of fees that was in effect in the Superior Court of Los Angeles County; that he believed this schedule likewise applied to the courts of Alameda County; that under such schedule the attorneys' fees would be much lower than those awarded; that he had been mistaken to his clients' detriment and would have to move to vacate the default and default judgment so as to give the defendants a right to contest the matter of attorneys' fees. On October 16, 1959, defendants filed their motion to vacate, which was heard on November 6, 1959, and denied.

Defendants contend that they should have been relieved of their default and default judgment because of their mistake, inadvertence, surprise and excusable neglect in accordance with section 473 of the Code of Civil Procedure. They seek this relief solely to be able to contest the allowance of attorneys' fees and they assert: (1) that the statement made by plaintiff's counsel respecting the allowance of attorneys' fees in a default matter lulled them into a sense of false security with the result that the judgment was taken and (2) that their attorneys' mistake of law as to the rules governing the awarding of attorneys' fees in Alameda County led them not to appear and contest the matter.

In dealing with these matters we have in mind the law that governs trial courts in ruling upon motions under section 473. This code section is remedial and should be liberally construed to bring about a trial on the merits whenever possible. However, it must be remembered that this case involves appellate review of a denial of a motion to vacate, which motion was addressed to the sound discretion of the trial court and its ruling will not be interfered with by an appellate court in the absence of a clear showing of an abuse of such discretion. (*Taecker* v. *Parker* (1939), 34 Cal.App.2d 143, 145 [93 P.2d 197].) The discretion is not capricious or arbitrary but must be impartial and controlled by fixed legal principles. (*Brill* v. *Fox* (1931), 211 Cal. 739 [297 P. 25]; *Hansen* v. *Bernstein* (1952), 110 Cal.App.2d 170, 172 [242 P.2d 368].)

In ascertaining whether or not this discretion was abused it must be noted that if there is any reasonable ground upon which the action of the lower court may be upheld, this

court must do so. ▮ Defendants argue that Attorney Rolston's mistaken belief as to the rules governing fees on default matters in Alameda County requires that their default be vacated. We cannot agree, for a client is chargeable with his attorney's neglect in the situation which is before us. (*Colvin* v. *Sibley* (1953), 117 Cal.App.2d 144, 146 [255 P.2d 16].) ▮ The mistake need not be mutual to vacate a default (*Palace Hardware Co.* v. *Smith* (1901), 134 Cal. 381, 384 [66 P. 474] and unilateral mistakes of law have often been the basis of vacating defaults. (*Brill* v. *Fox, supra*; *Williams* v. *Thompson* (1923), 60 Cal.App. 658, 660 [213 P. 705].) ▮ However, a mistake as to law does not require relief from default as a matter of law. (*Security Truck Line* v. *City of Monterey* (1953), 117 Cal.App.2d 441, 445 [256 P.2d 366, 257 P.2d 755].) ▮ The issue of which mistakes of law constitute excusable neglect presents a fact question; the determining factors are the reasonableness of the misconception and the justifiability of lack of determination of the correct law. (*Fidelity Fed. Sav. & Loan Assn.* v. *Long* (1959), 175 Cal.App.2d 149, 154 [345 P.2d 568].) ▮ Although an honest mistake of law is a valid ground for relief where a problem is complex and debatable, ignorance of the law coupled with negligence in ascertaining it will certainly sustain a finding denying relief. (*Security Truck Line* v. *City of Monterey, supra*; *Fidelity Fed. Sav. & Loan Assn.* v. *Long, supra*.) Since it would have been simple for Rolston to determine the Alameda County rules concerning fees in a default of this nature, his mistake does not constitute excusable neglect in and of itself.

Defendants on argument called our attention to the case of *O'Brien* v. *Leach*, 139 Cal. 220 [72 P. 1004, 96 Am.St.Rep. 105], wherein a default was vacated which had been taken when defendant's attorney failed to make an appearance on his client's behalf because of his failure to ascertain from his client whether he had been served in the county wherein the suit was brought or in the county of his residence, the mistake accounting for a difference of 20 days in the time required for filing his pleading. We find nothing in this case to change our opinion for we note the court's statement at page 222: "In matters of this sort the proper decision of the case rests almost entirely in the discretion of the court below, and this court will rarely interfere, and never unless it clearly appears that there has been a plain abuse of discretion. This court

will usually sustain the action of the court below upon the same facts, whether that decision is for or against the motion;..."

The defendants point to the statement made by Golden to Rolston concerning the fee being nominal on default and contend that statements by counsel which put their opponents into positions of false security excuse default. Often this is the case, but before such circumstances warrant setting aside default judgments, the defaulter must show a meritorious defense to the action (*Beard* v. *Beard* (1940), 16 Cal.2d 645, 648 [107 P.2d 385]) and that a different result would probably have been reached. (*Greenamyer* v. *Lugo Elementary School Dist.* (1931), 116 Cal.App. 319, 325 [2 P.2d 848].) The defendants failed to demonstrate in what way the fee was not reasonable, or determined without regard to the attorney's work, other than their bare assertion that the amount was unreasonable, and not in accord with the schedule in effect in Los Angeles. The determination of reasonable attorneys' fees is controlled by the amounts customarily charged in the locale of the action, here Alameda County. (*Knight* v. *Russ* (1888), 77 Cal. 410, 415 [19 P. 698].) It is clear that the trial court could determine what constituted reasonable attorneys' fees without any testimony on the subject. (*Lewis & Queen* v. *S. Edmondson & Sons* (1952), 113 Cal.App.2d 705, 708 [248 P.2d 973].) The defendants attempt to lend weight to their argument by referring to remarks by the trial judge questioning the amount requested. These statements are of no significance in view of the judgment which followed; no antecedent expression of a judge can restrict his power to declare his final conclusion. (*Bratovich* v. *Bratovich* (1960), 179 Cal.App.2d 420, 423 [3 Cal.Rptr. 735].) The trial court considered the question of the reasonableness of the fees and awarded $6,000 where $7,000 had been requested. The defendants have failed to show a good defense on the question of the reasonableness of the attorneys' fees awarded and hence cannot prevail on this contention.

No abuse of discretion having been shown, the order is affirmed.

Kaufman, P. J., and Draper, J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied November 9, 1960. Schauer, J., and White, J., were of the opinion that the petition should be granted.