[S. F. No. 14836. In Bank.—April 28, 1933.]

ELIZABETH K. WARDEN, Appellant, v. GEORGE WARDEN, Respondent.

Norman S. Menifee for Appellant.

J. E. McCurdy for Respondent.

PRESTON, J.—Action for divorce on grounds of extreme cruelty. The divorce was uncontested by defendant, but evidence was offered on the issue of division of the community properties, which was highly conflicting. The court thereafter rendered its interlocutory decree granting to plaintiff a divorce as prayed, together with $35 costs and $100 counsel fees and awarding to her the equity, if any, of the parties in their home, together with the household furnishings, the family automobile and the sum of $250; to defendant was awarded his undivided one-half interest in a drug-store in Burlingame. Plaintiff appealed from said decree and also from an order made after judgment denying her temporary maintenance during pendency of the appeal, together with counsel fees and costs for its prosecution.

Appellant contends that the court erred in distributing to her, as the prevailing party in a divorce action on grounds of extreme cruelty, less than one-half of the community property, citing *Quagelli* v. *Quagelli*, 99 Cal. App. 172 [277 Pac. 1089]; *Tipton* v. *Tipton*, 209 Cal. 443, 444

[288 Pac. 65]. But a discussion of this doctrine or its applicability becomes unnecessary because the record fails to sufficiently show that appellant did, in fact, receive less than one-half of the community property.

In other words, the only real question on the appeal is whether the findings and judgment are supported by the evidence and it is clear that they are. The conflicting evidence raised a grave doubt as to the existence of alleged interests from small separate funds of the wife or her minor child. The wife received the home, valued at from $3,000 to $5,500, subject to a $4,500 encumbrance; a lot in South San Francisco valued at from $1500 to $3,000; an automobile with an agreed valuation of $250; household furniture valued at $500 more or less, plus the sum of $250 in cash. The husband received said half interest in a drug business, valued at from $3,000 to $5,000. The court below was warranted in crediting that evidence which supports, as equally just and equitable, the division of the properties as made by the findings and judgment.

We need only add that the record likewise fails to show any abuse of discretion in the court's denial to appellant of temporary support, counsel fees, and costs on appeal.

The judgment is affirmed.

Curtis, J., Langdon, J., Shenk, J., Waste, C. J., Seawell, J., and Thompson, J., concurred.