[Civ. No. 5524.   Third Appellate District.—July 6, 1936.]

## HOWARD P. SHERIDAN, Respondent, v. GENEVIEVE L. SHERIDAN, Appellant.

Milton W. Cohen for Appellant.

Thornton, Menzies & Penney for Respondent.

BRUTON, J., *pro tem.*—On December 8, 1933, respondent filed his complaint in the Superior Court of the County of Los Angeles, praying for a divorce from his wife, the appellant here. Appellant subsequently filed a cross-complaint, and upon the trial of the action, December 21, 1933, was

granted an interlocutory decree of divorce. No opposition was offered by the respondent.

On April 13, 1934, appellant moved the court to set aside the decree on the ground that at the time of the trial her mental condition was such that she did not appreciate the nature or character of her own acts. Appellant's motion was supported by her own affidavit, wherein she stated, among other things, that at the time she signed her cross-complaint and at the time of the trial, she was in "a sick, nervous and dazed condition", and by reason thereof did not appreciate the nature of the proceedings taken on her behalf, and that at no time did she want a divorce. Respondent filed counter-affidavits by himself and by Mr. George Penney, counsel for respondent, in which it was stated that at the time of, and before the trial of the action, appellant was in a normal condition and fully realized the nature and character of her acts.

Appellant testified in her own behalf in substance as set forth in her affidavit. Mrs. Carol F. Perkins, the corroborating witness for appellant at the trial, testified that in her opinion appellant was not, at the time of, and before the trial, in a condition to appreciate the character of her acts.

Counsel for appellant then offered the testimony, cumulative in character, of five more witnesses, two of whom were doctors, which offer was refused by the trial court. Mr. John D. Fredericks, Jr., counsel for appellant at the divorce trial, called by respondent, then testified that appellant was in a normal mental condition, and realized the nature and character of her own acts at all the times in question.

Appellant, in her opening, and only brief, in which no authorities are cited, contends that the trial court's refusal of the offer of further testimony was an abuse of judicial discretion, entitling her to a reversal of the order appealed from.

There is no merit in this contention. The discretionary power of a court to stop cumulative testimony is not only inherent, but is expressly recognized by section 2044 of the Code of Civil Procedure. (*Estate of Wineteer*, 176 Cal. 28 [167 Pac. 516]; *Kellett* v. *Kellett*, 110 Cal. App. 691 [294 Pac. 755].)

Had appellant's offer of further testimony been accepted by the court, the result would have been a conflict of evidence only. Bearing in mind that the testimony of appellant on the trial was clear and lucid; that she was represented

by counsel who was convinced of her competence; that she was then experiencing her third divorce, and consequently was familiar with such proceedings; that the judge who denied the motion to set aside the interlocutory decree was the same who presided at the trial and who had an opportunity to observe her,—it is clear that there was neither abuse of discretion in the court's refusal to admit her further testi-. mony, nor error in the denial of the motion to set aside the interlocutory decree.

The order appealed from is affirmed.

Thompson, J., and Pullen, P. J., concurred.