[Civ. Nos. 17534, 17672, 17700. 2d Dist., Div. One. Apr. 12, 1951.]

NATALIE M. KALMUS, Appellant, v. HERBERT T. KALMUS et al., Respondents.

406

C. Ray Robinson, James A. Cobey, Bruce Walkup and Dan L. Garrett, Jr., for Appellant.

Jennings & Belcher and Louis E. Kearney for Respondents.

WHITE, P. J.—Appellant Natalie M. Kalmus and respondent herein Herbert T. Kalmus, were married in Massachusetts in 1902. On December 22, 1921, in an action instituted by

appellant herein she secured a divorce by *decree nisi* from respondent Kalmus herein, which decree became final June 23, 1922. By the terms of this divorce decree, respondent Kalmus was ordered to pay to appellant herein the sum of $7,500 per year as alimony. It is conceded that such payments have been made continuously to the present date and are still being made by respondent Kalmus and being accepted by the appellant herein.

The record also reflects that at the time of the aforesaid divorce, respondent Kalmus delivered to or for the account of appellant in full and complete settlement of all his obligations to her (other than alimony) certain household effects, a $25,000 insurance policy, the sum of $5,000, 1,000 shares of stock of the Technicolor Motion Picture Corporation, and negotiable bonds of the total principal amount of $25,000.

In 1945 appellant made certain claims against respondent Kalmus, and as a result the parties entered into a contract, under the terms of which the respondent Kalmus paid to the appellant $36,625, and agreed that his estate would continue the payment of the $7,500 per year alimony for such period after his death as the said appellant should live. Under the contract, there was also paid appellant's counsel a fee of $7,500 for their services in connection with such contract. By this instrument, respondent Kalmus also undertook to pay to appellant for a period not exceeding three years, additional sums approximating $8,000 per year. In the contract, appellant acknowledged that the Massachusetts divorce decree was valid and in full force and effect and that she knew no valid or proper ground to vacate or modify the decree of divorce, and that she was not the common-law wife of respondent Kalmus. The contract provided that its acceptance by appellant and the payments therein provided for should be "in full and complete satisfaction and settlement of, and in lieu of, all past, present and future claims, demands and liabilities, of every nature and description whatsoever, against Herbert T. Kalmus, except those arising out of his obligations under this agreement." No contention is made that this contract has ever been rescinded or that appellant ever tendered back any of the payments made thereunder.

The instant action is one commenced by appellant against respondent Herbert T. Kalmus for separate maintenance, dissolution of partnership, accounting, and appointment of receiver.

In view of the somewhat complicated situation presented because of three consolidated appeals being here involved, it might be helpful, in the interest of clarity, to set forth chronologically some of the pertinent events in the history of two California actions between the parties to this appeal, as well as a third subsequent action now pending in the Massachusetts courts between the same parties.

On July 21, 1948, appellant herein filed an action against respondent Herbert T. Kalmus, and Technicolor Motion Picture Corporation, et al., numbered 364392 in the files of the clerk of the Superior Court of Los Angeles County. Although this action is not involved in this appeal, reference to the same is made because the file therein was used in connection with a motion for continuance of the second action, which will be a subject of discussion on this appeal.

On July 21, 1948, in the aforesaid action, numbered 364392, an order to show cause re alimony, court costs, attorneys' fees, etc., was issued returnable July 29, 1948.

On the last-mentioned date, respondent, with his counsel, appeared in response to said order to show cause and the same was thereupon dismissed.

On the same date appellant secured a new order to show cause, practically identical in form, directed to respondent Kalmus and returnable August 6, 1948.

When on August 6 respondent appeared in response to the last-named order to show cause, the matter was continued to October 25, 1948, and on said last-named date was continued to October 27 and again to November 9, 1948.

On October 20, 1948, appellant filed her second amended complaint for separate maintenance, dissolution of partnership and accounting, etc.

On October 28, appellant filed a request for dismissal of the above-named action numbered 364392 and on the following day such dismissal was entered by the clerk.

On November 9, 1948, the aforesaid order to show cause was placed off calendar due to the fact that the action had been dismissed by appellant.

On November 4, 1948, appellant filed her complaint in the instant action, numbered 370515. This complaint is concededly practically identical with the second amended complaint in the aforesaid action numbered 364392 which, as heretofore pointed out, was dismissed.

On November 5, 1948, respondent Herbert T. Kalmus served and filed his answer and cross-complaint herein.

On November 4, 1948, counsel for appellant presented to the court, in chambers, a request for a new order to show cause. At the time such application was made respondent's counsel was also present. It appears that the court indicated it would issue the order to show cause and make it returnable on November 9, 1948, which was the same date upon which the previous order in the case which was dismissed was set.

On November 10, 1948, another order to show cause returnable November 29 and directed to respondent Kalmus, was issued by the court.

On November 29, 1948, hearing on the last-mentioned order to show cause was commenced, and after several days of hearing, the court, on December 10, 1948, made its minute order denying alimony pendente lite, attorneys' fees and costs to appellant.

On December 20, 1948, *notice of appeal* was given from the foregoing minute order of December 10, 1948.

On December 29, 1948, appellant filed in the courts of Massachusetts a complaint to vacate the aforesaid Massachusetts decree of divorce between the parties hereto.

On March 8, 1949, notice that the action here in question was set for trial on June 1, 1949, was given to appellant and such notice, together with proof of service, was filed in the office of the county clerk on the same day. At that time appellant was appearing in propria persona.

On May 24, 1949, appellant gave notice of a motion to be heard on May 31, 1949, to continue the trial when set, as aforesaid, for June 1, 1949. This motion was given by Attorneys Clifford Thoms and David L. Sefman, who were then appearing as counsel for appellant.

On May 31, 1949, appellant's motion for continuance came on for hearing, was argued before the court and denied.

On June 1, 1949, the action was called for trial, at which time the foregoing Attorneys Thoms and Sefman appeared as counsel for appellant, and counsel also appeared for the respondents herein. A motion made by Messrs. Thoms and Sefman to withdraw as counsel for appellant was granted. No previous notice of motion of such withdrawal had theretofore been given to counsel for respondents.

On June 1, 1949, the action proceeded to trial, following which the court ordered judgment that appellant herein take nothing and that respondent Herbert T. Kalmus was entitled to the relief prayed for in his cross-complaint. Findings of

fact and conclusions of law were filed and the judgment was entered on June 13, 1949.

. On August 9, 1949, appellant herein appealed from said judgment by serving and filing notice of such appeal on that date.

On September 21, 1949, appellant herein served a motion to set aside the aforesaid judgment on the ground that it had been obtained through mistake, inadvertence, surprise and excusable neglect.

On September 29, 1949, the motion to set aside the judgment was heard by the court and denied.

On December 1, 1949, an *appeal* was taken from the order of September 29 denying the motion to set aside the judgment pursuant to section 473 of the Code of Civil Procedure.

Three appeals are thus presented to us to be considered, viz:

(1) An appeal from the judgment of the trial court;

(2) An appeal from the order of the court below refusing to vacate the aforesaid judgment; and

(3) An appeal from the order of the lower court denying appellant suit money and temporary alimony.

On the first appeal it is contended that reversible error was committed in rendering the judgment of June 13, 1949, because the denial of appellant's motion for a continuance was an abuse of discretion.

In this regard, as heretofore pointed out, the record reflects that on March 8, 1949, appellant, then appearing in propria persona, was served with notice that the cause was set for trial on June 1, 1949, in the department of the presiding judge. On May 24, 1949, appellant through her then attorneys, served on respondent Kalmus alone, a notice of motion for continuance and supporting affidavits. Hearing of said motion for continuance was noticed for May 31, 1949, the day before the trial date. No claim is made that appellant did not have actual notice of the trial date from the early part of March, 1949. In fact, she states in her brief that, "It is true that appellant actually had more than the required five days notice. She has never claimed otherwise."

As one of her grounds for continuance appellant urged disabling illness upon her part, supported by an affidavit of her physician in Massachusetts, where she was then residing. After detailing the nature of appellant's illness, the physician said in his affidavit, dated May 16, 1949, "At the present time I do not consider that her physical condition will permit the

physical ordeal of a transcontinental trip and a prolonged legal trial, and I feel that such a trip and such trial would jeopardize the present condition of her health.''

Appellant's claim of illness was sharply disputed. In response to the foregoing affidavit, respondent Kalmus filed affidavits showing that on May 19, 1949, appellant took a taxicab for a considerable distance from one hotel to another, at the latter of which she had luncheon with a group of 11 people; that upon leaving the luncheon she went shopping, returned to her hotel, obtained her baggage, proceeded to a railway station and departed on a journey. There was presented an affidavit of Doctor Harry L. Kozol, a graduate of Harvard College and Harvard Medical School, and a qualified psychiatrist, who averred that he had examined the abstract of the record of Baker Memorial Division of the Massachusetts General Hospital referring to appellant who was admitted to such hospital on April 29, 1949, and discharged on May 3, 1949. In his affidavit, Doctor Kozol stated that in his opinion there was no medical reason why appellant could not travel to California on May 29, 1949, and participate in the trial of this action. The witness stated his reasons in great detail for holding the opinion which he expressed.

There was another affidavit of Joseph Decker who averred that plaintiff engaged in numerous physical activities on May 14, May 15, May 23 and May 26, 1949, and that she walked ''briskly, vigorously, firmly and rapidly.''

In another affidavit it was averred that on May 19, 1949, plaintiff arrived in Boston from New York by train, that she walked rapidly and carried her own luggage. That on May 23, 1949, appellant attended the horse races in Boston, Massachusetts, that she remained through six of the races and returned therefrom via a streetcar and subway. That on May 26, 1949, plaintiff was seen in Brookline, Massachusetts, riding in an automobile, shopping in various stores, and carrying various parcels. There was another affidavit averring that on May 21, 1949, plaintiff also attended the horse races at Boston, Massachusetts, and was seen betting various sums of money on different races. In another affidavit it was averred that on May 21, 1949, while plaintiff was in attendance at the races, she ''walked fast and shouldered her way through the large crowd without any trouble.''

██ An application for a continuance is addressed to the sound discretion of the trial court. ██ While, in a proper case a continuance should be granted because of the illness

of a party or of a member of his family, nevertheless, in considering all such applications the court should be governed by the course which seems most likely to accomplish substantial justice. And in seeking such a course, the court may take into consideration the legal sufficiency of the showing in support of the motion and the good faith of the moving party. ▮ Illness of a party does not *ipso facto* require the granting of the motion, and it is for the trial court in all cases, except where otherwise expressly provided by statute, to determine whether or not the circumstances shown are such as to make it proper that a continuance be granted, and its conclusion thereon will not be disturbed unless there has been a plain abuse of discretion. ▮ Because of the necessity for orderly, prompt and effective disposition of litigation and the loss and hardship to the parties to an action, as well as to witnesses therein, it becomes and is a part of the bounden duty of the trial judge, in the absence of some weighty reason to the contrary, to insist upon cases being heard and determined with as great promptness as the exigencies of the case will permit. ▮ Under the facts hereinbefore narrated, it is manifest that in denying plaintiff a continuance upon the ground of disabling illness, and holding that the plaintiff was physically able to come to California for the trial and to participate therein, there was no abuse of discretion. (*McElroy* v. *McElroy*, 32 Cal.2d 828, 832 [198 P.2d 683]; *Lindsey* v. *Wright*, 84 Cal.App. 499, 503 [258 P. 438]; *Lynch* v. *Superior Court*, 150 Cal. 123 [88 P. 708]; *Flynn* v. *Fink*, 60 Cal.App. 670, 672, 673 [213 P. 716].)

Appellant further contends that the motion for a continuance should have been granted because there was pending in the courts of Massachusetts an action, which was at issue, to determine the validity of the Massachusetts divorce decree rendered December 31, 1921. In determining appellant's claim that the court abused its discretion in not continuing the California action until the one in Massachusetts had been determined, it must be borne in mind that the present action in California was commenced November 4, 1948, the hearing on appellant's motion for alimony pendente lite, attorneys' fees and costs was heard and the order denying such application was entered December 10, 1948. That on December 20, 1948, appellant filed her notice of appeal from such order. In the meantime, respondent Kalmus, on November 5, 1948, had filed his answer to appellant's complaint and also his cross-complaint. It was not until December

29, 1948, 19 days subsequent to the conclusion of the foregoing order to show cause proceeding, and nine days after she had taken an appeal therefrom, that appellant filed in the Massachusetts court her petition to vacate, on the ground of fraud, the aforesaid decree of divorce granted by the Massachusetts court in 1921.

The pendency of the Massachusetts action was first set up by appellant in her answer to respondent's cross-complaint, and was made one of the two grounds of the motion for continuance on May 31, 1949.

While conceding that the trial court herein was possessed of the power to proceed (*Dandini* v. *Dandini*, 86 Cal.App.2d 478, 483 [195 P.2d 871]; *Hammell* v. *Britton*, 19 Cal.2d 72, 83 [119 P.2d 333]) because it had jurisdiction over both of the parties and the subject matter, appellant predicates her claim of abuse of discretion on the choice of the California court to exercise that power under the circumstances here present.

 Without doubt, the discretion contemplated by law is not a capricious or arbitary one, but an impartial discretion, guided and controlled in its exercise by fixed legal principles. It is to be exercised in conformity with those legal principles, the spirit of the law, and in a manner to subserve and not to impede or defeat the ends of substantial justice. With reference to when, in a legal sense, discretion has been abused, it may be said that abuse of discretion occurs when in its exercise a court exceeds the bounds of reason, all of the facts and circumstances before it being considered. And the complaining party must affirmatively establish abuse of discretion. It is never presumed (*Silver* v. *Shemanski*, 89 Cal.App.2d 520, 529 [201 P.2d 418]).

 In the light of the principles just enunciated, we conclude that the court below did not abuse its discretion in denying a continuance because of the pendency of the Massachusetts action. This conclusion is influenced by a consideration of the facts and circumstances which were before the trial court. In the first place, it was appellant who first chose the courts of California as the forum for determination of the litigation which she commenced in the first action on July 21, 1948. Such selection was ratified by her when she filed an amended complaint in that action. When, on October 28, 1948, appellant dismissed this action she was again at liberty to select her forum. Again, she chose the California courts

by filing the present action therein. She further utilized this selection by procuring an order to show cause, in response to which she brought respondent into the California court. It was only after an adverse ruling was made in her attempt to secure relief sought on the order to show cause, after an appeal was taken by her from such order, and when confronted with a cross-complaint for declaratory relief and injunction in the California action, that appellant filed the Massachusetts action. We are not here confronted with a situation wherein the California court refused a continuance because of the pendency of a *prior* action filed in another jurisdiction, but on the contrary, refusing a continuance because of the pendency in a sister state of a *subsequently* filed action. Furthermore, the record reflects that the Massachusetts court refused to accede to appellant's attempt to advance trial of the case there pending when she urged the pendency of the California action as a ground for such advancement.

17 Corpus Juris Secundum 205, section 24, is authority for the statement that while a continuance should be granted on facts that show that justice requires that the cause should await the trial and conclusion of another proceeding affecting the same parties, "it is essential that the entire relief demanded and sought for in the first action can be awarded in the other."

In the case of *Simmons* v. *Superior Court*, 96 Cal.App.2d 119, 122 [214 P.2d 844], cited by appellant, the court stated:

"It is settled California law that the pendency of a prior action in a court of competent jurisdiction, predicated on the same cause of action and between the same parties, constitutes good ground for abatement of a later action within the same jurisdiction either in the same court or in another court having the jurisdiction (1 Cal.Jur. § 4, p. 23); and it is held that the first court to assume and exercise jurisdiction in a particular case acquires exclusive jurisdiction and prohibition lies to restrain another court from proceeding if it is threatening to do so. (Citing cases.)"

With reference to the rule which applies between courts of different states with reference to "abatement" of or "stay of proceedings" by reason of the pendency of two actions predicated on the same cause of action and between the same parties, the court, in the last-cited case stated, at page 123, "the court in which the *second* action is brought may *in its discretion* stay or suspend that suit, awaiting decision in the *first* one, or, influenced by a spirit of comity, may refuse to entertain it, if

the same relief can be awarded in the *prior* suit." (Emphasis added.)

In *Pesquera del Pacifico* v. *Superior Court*, 89 Cal.App.2d 738, 741 [201 P.2d 553], the order of the trial court refusing to stay proceedings upon the ground of a prior pending action in Mexico was upheld for the reason that "the trial court found there was no satisfactory proof or evidence to show that any or *all of the issues* presented in the suit pending in Mexico are identical with or similar to the issues before him." (Emphasis added.)

In the present action we find, (1) appellant is a resident of the State of California, (2) the California action was commenced first, (3) the California case has decided every issue raised in the Massachusetts case, as well as a great many additional issues; whereas (1) the Massachusetts case was the subsequently commenced action, and (2) its issues are much more limited and a decision therein will not determine all of the issues in the California action.

The issues tendered by the instant proceeding and those tendered by the Massachusetts case are not at all the same. An examination of the respondent's cross-complaint for declaratory relief and for an injunction immediately reveals the fact that were a trial of the Massachusetts case to be had prior to the trial of the California action, and should appellant be successful in the former, the decision would settle but a fraction of the issues determined and settled by the findings and judgment of the California court now under consideration.

Appellant further contends that the court was without jurisdiction to render the judgment appealed from. In support of this contention it is argued that there was no compliance by respondents at the trial with that portion of paragraph 1, section 594 of the Code of Civil Procedure, which provides that one may proceed with a trial and take judgment in a cause in the absence of the adverse party, "provided, however, if the issue to be tried is an issue of fact, proof must first be made to the satisfaction of the court that the adverse party has had five days notice of such trial."

Under the circumstances with which we are confronted in this case, appellant's contention is without merit. She relies strongly upon the cases of *Hurley* v. *Lake County,* 113 Cal.App. 291 [298 P. 123], and *Stubblefield* v. *Long,* 125 Cal.App. 329, 330 [13 P.2d 862]. But neither of the cited cases militate against the statement that it is the fact that service was

made, rather than the proof of service that vests the court with jurisdiction to act. The jurisdiction of the court does not depend upon the preservation of the proof of service but upon the fact that service has been made. ▋ As heretofore pointed out, appellant in her brief says, ''It is true that appellant actually had *more* than the required 5 days notice. *She has never claimed otherwise.''* (Emphasis added.) To this must be added the fact that on May 24, 1949, appellant, through her then attorneys served on respondent Kalmus a notice of motion for continuance in which it was specifically stated that the cause in which it was filed, ''is now set for hearing on the first day of June, 1949.'' The record further contains a letter written by appellant on May 20, 1949, some 12 days before the date set for trial, addressed to the aforesaid attorneys, and in which communication she authorized them to act for her to obtain a continuance of the trial, ''which is now set for hearing on June 1, 1949.'' At no time did appellant urge a continuance on the ground that she did not have five days' notice of the trial date. Furthermore, appellant was represented by counsel on the motion for a continuance and the same attorneys appeared on the date set for trial, upon which occasion they asked for and were granted permission to withdraw as attorneys for appellant.

We therefore hold that in view of appellant's admission in her brief that she ''had more than the required five days notice,'' and ''has never claimed otherwise,'' coupled with the other facts hereinbefore adverted to, she was fully aware, at least on May 20, 1949, that the cause was set for trial on June 1. That on May 24, seven days before the trial date, she gave notice of motion for a continuance of said trial, and appeared by counsel to seek such continuance. With this admitted knowledge of the trial date, there was no necessity for presenting any additional proof by way of offering in evidence the affidavit of service of notice of trial on March 8, 1949, or otherwise. And certainly, no prejudice was suffered by appellant from the failure so to do.

Appellant's admission that she had more than five days' notice of the date of trial, coupled with the hereinbefore documentary evidence before the court showing conclusively that due and regular notice of trial had been given her, were sufficient to establish the fact that she had been given the notice required by section 594 of the Code of Civil Procedure, and support the court's finding to that effect.

██ It might also be here noted that at appellant's request in her "Notice to Clerk to Prepare a Record on Appeal," the notice of trial and affidavit of service thereof by mail on March 8, 1949, have been brought before this court. We may therefore, consider such documents on the theory that having been filed in the papers in the case and noted in the register of actions, and which documents could be judicially noticed by the court of original jurisdiction, they may be considered on appeal (*Brock* v. *Fouchy*, 76 Cal.App.2d 363, 367 [172 P.2d 945]).

██ If there ever was a situation for the application of the maxim of jurisprudence (Civ. Code, § 3532), "The law neither does nor require idle acts," the contention of appellant to which we have just given consideration provides it.

From what we have said up to this point, it necessarily follows that the court was clothed with jurisdiction to render the judgment of June 13, 1949, and that no prejudicial error was committed in denying appellant's motion for a continuance of the trial on June 1, 1949.

We come now to a consideration of appellant's claim that reversible error was committed in denying her motion under section 473 of the Code of Civil Procedure. In the instant case, judgment was entered on June 13, 1949. On August 9, 1949, appellant served and filed her notice of appeal from such judgment. On September 21, 1949, she filed her notice of motion under section 473 of the Code of Civil Procedure to set aside said judgment, and on September 29, 1949, the motion was denied. While conceding that generally, the effect of an appeal is to deprive the trial court of jurisdiction until the appeal has been determined and the remittitur from the appellate tribunal has been filed in the trial court, and that such last named court, while its jurisdiction is so suspended, cannot vacate or set aside the judgment, appellant insists that in the case at bar, the provisions of section 946 of the Code of Civil Procedure should not be read into section 473 as an implied limitation upon the statutory power of the trial court under the last cited section. That section 946 should be limited to preventing any action by the trial court to enforce the judgment appealed from. That the remedies by appeal and by section 473 are concurrent and independent.

At the outset the question arises whether appellant's motion, purportedly made under section 473 of the Code of Civil Procedure, was, in fact, such a motion. In support of appellant's motion to vacate the judgment, no affidavit was filed averring

that the judgment was taken against her because of any "inadvertence, mistake or excusable neglect." ▌ The motion was based on cumulative assertions of ill health and erroneous prophecies of her attorneys as to what action the court would take on the aforesaid motion for a continuance. Neither of these claims come within the meaning of section 473 of the Code of Civil Procedure. ▌ An unexpected ruling on a motion for a continuance does not result in "surprise" as contemplated by section 473 (*Nicholson* v. *Nicholson*, 85 Cal. App.2d 506, 508, 509 [193 P.2d 112]; *Mann* v. *Pacific Greyhound Lines*, 92 Cal.App.2d 439, 445, 446 [207 P.2d 105]).

And notwithstanding the foregoing, we are persuaded that the court was without jurisdiction to grant relief under the provisions of section 473 of the Code of Civil Procedure. ▌ When an appeal is taken from a judgment, unless it is subsequently dismissed, it must be deemed pending in the reviewing court until the appeal is determined. ▌ The situation here presented is not one in which the appeal may not be deemed to oust the trial court of jurisdiction (2 Cal.Jur., § 178, p. 415). Therefore, the appeal in the instant case, having been regularly taken, its effect was to transfer the cause to the reviewing tribunal and to suspend the power of the trial court to vacate the judgment (*Bracey* v. *Gray*, 71 Cal.App.2d 206, 208 [162 P.2d 314]; *Swan* v. *Riverbank Canning Co.*, 81 Cal. App.2d 555, 558 [184 P.2d 686]; *California Real Estate Exchange* v. *Sequoyah Hills Co.*, 75 Cal.App. 695, 696 [243 P. 54]; *Field* v. *Hughes*, 134 Cal.App. 325, 327 [25 P.2d 241]; *Linstead* v. *Superior Court*, 17 Cal.App.2d 9, 12 [61 P.2d 355]).

Appellant earnestly insists that reversible error was committed in denying her suit money and temporary alimony. The minute order entered upon the termination of the taking of evidence on appellant's application, reads as follows:

"The order to show cause having heretofore been heard, argued and submitted, the Court now makes the following findings and order: The Court finds that the plaintiff has accepted support from the defendant since the entry of the Massachusetts divorce decree. That plaintiff has accepted the benefits of the 1945 contract and has failed to return the benefits to defendant or to give notice of rescission of said contract. For the purposes of this hearing, the contract of 1945 is found to be a valid contract. The Court finds that there was no reconciliation between the parties and that the plaintiff has failed to establish the relationship of husband and wife between the

parties by a preponderance of the evidence. Alimony *pendente lite,* attorney fees and costs are denied."

Appellant's claim of reversible error is based primarily upon that portion of the foregoing order reading, "that the plaintiff (appellant herein) has failed to establish the relationship of husband and wife between the parties by a preponderance of the evidence." Such holding, says appellant, is "plainly and prejudicially erroneous. The degree of proof required of Appellant upon the issue of the marital relationship between Appellant and Respondent at the hearing upon her application for suit money and temporary alimony is that she show that there is a fair or reasonable probability of her being able at the trial to prove such relationship by a preponderance of the evidence. In other words, preponderance of the evidence is the standard of proof required at the trial, but fair probability is all that is demanded at the show cause hearing."

It should, however, be observed from a reading of the foregoing minute order that the lower court stated only three of the reasons why it denied the application of appellant, viz.: (1) Estoppel of appellant to claim suit money and alimony pendente lite in attacking a divorce decree of the Massachusetts court, under which for 27 years she had received $7,500 each year as alimony. (2) Estoppel of appellant to claim suit money and temporary alimony in attacking the said Massachusetts divorce decree because of (a) the 1945 contract between appellant and respondent, (b) appellant's receipt of substantial considerations under such contract from respondent, and (c) appellant's failure to restore such considerations to respondent and her failure to give notice of rescission of the said 1945 contract. (3) Failure of appellant to establish the relationship of husband and wife between herself and respondent by a preponderance of the evidence.

 It is the validity of the court's action in denying appellant's application which is here reviewable, and not the court's opinion or statement of reasons for its action.

 With the rule just enunciated in mind, we are satisfied from a reading of the record, revealing as it does the facts and circumstances before the court in the case at bar, that no conclusion could have been arrived at other than the one reached by the court, whether that conclusion was based on the "preponderance of the evidence" rule or upon the rule contended for by appellant that "when there is a fair probability at such hearing that the marriage will be proven at

the trial, temporary alimony and suit money should be allowed.'' As is set forth in section 137 of the Civil Code, any allowance of counsel fees and costs in a divorce action is confided to the discretion of the trial court. ▆▆▆ Because the granting and refusing of alimony in actions for divorce is a matter which lies largely in the discretion of the trial court, an appellate tribunal will not interfere unless it be made clearly and affirmatively to appear on the face of the entire record in the case that the discretion was abused.

▆▆▆ Regardless of the findings which appear in the minute order, appellant's application may have been denied for reasons not therein expressed. In the exercise of its discretion the court was entitled to, and undoubtedly did, consider appellant's necessity for the financial aid she sought, and in that regard, as pointed out by respondent, there was evidence in the record that—

'' (a) Appellant was already receiving from defendant (and had been receiving for nearly three decades) the sum of $7500.00 per year as alimony under the Massachusetts divorce decree which she was purporting to attack and, as supplemented by the February 19, 1945, contract, will continue to receive such alimony for the balance of her life should respondent predecease her.

'' (b) Appellant, under her contract with Technicolor Corporation, was receiving and will receive for life $11,000.00 annually without rendering any service therefor.

'' (c) Appellant had had a total income of over $30,000.00 per year for a number of years right down to the time of the hearing on her application.

'' (d) Appellant had received from respondent at the time of the Massachusetts divorce in 1921 certain household effects, a $25,000.00 insurance policy, the sum of $5,000.00 in cash, 1000 shares of stock of the Technicolor Company and negotiable bonds in the amount of $25,000.00; and

'' (e) Plaintiff had received from defendant under the contract of February 19, 1945, $36,625.00 cash.''

As heretofore pointed out, a reviewing tribunal does not pass upon the reasoning or argument upon which judicial action is taken but reviews only the action itself. A wife seeking the awards here under consideration must establish necessity for them. ▆▆▆ They are not a matter of absolute right and may be awarded only upon a finding of necessity (*Loeb* v. *Loeb*, 84 Cal.App.2d 141, 144, 148 [190 P.2d 246]; *Baldwin* v. *Bald-*

*win,* 28 Cal.2d 406, 413 [170 P.2d 670] ; *Warden* v. *Warden,* 218 Cal. 98, 99 [21 P.2d 418] ).

Concerning appellant's claim that the proof offered on the hearing now under review was sufficient to establish a *fair probability* that she would, at the trial, prove the existence of her marriage to respondent, she relied on two grounds: (a) that the aforesaid Massachusetts divorce was invalid; and (b) that a New York common-law marriage was contracted in 1923. It would unduly prolong this already lengthy opinion to narrate the evidence, oral and documentary, received at the hearing. Suffice it to say that in the more than 800 typewritten pages of testimony taken on the order to show cause hearing there is revealed evidence that appellant was given an ample opportunity to be heard, that the court was justified in giving full faith and credit to the Massachusetts decree, and holding that the claimed New York common-law marriage was never contracted ; that no reconciliation had ever taken place between the parties, and that they never resumed relations as husband and wife after the Massachusetts decree of divorce. That thereby, the subject matter which forms the jurisdictional prerequisite for a court to order support, costs and counsel fees pendente lite was extinguished. And this is so, whether measured by the ''preponderance of evidence'' rule or on the ''fair probability'' rule that the wife will on the trial succeed in establishing the marriage (*Carbone* v. *Superior Court,* 18 Cal. 2d 768, 771 [117 P.2d 872, 136 A.L.R. 1260] ; *Loeb* v. *Loeb, supra; Knox* v. *Knox,* 88 Cal.App.2d 666, 676 [199 P.2d 766] ). The facts and circumstances which were before the court satisfy us that the order denying appellant's application for suit money and alimony pendente lite was a proper exercise of the discretion vested in it.

We perceive no error in the court's ruling sustaining objections to the introduction of some proffered newspaper clippings and excerpts from other publications to prove an existent marriage relationship between the parties. At best, such evidence was merely cumulative, and the discretion of a court to stop cumulative testimony is not only inherent, but is expressly recognized by section 2044 of the Code of Civil Procedure (*Douillard* v. *Woodd,* 20 Cal.2d 665, 669 [128 P.2d 6] ; *Sheridan* v. *Sheridan,* 15 Cal.App.2d 200, 201 [59 P.2d 175] ).

Finally, appellant contends that reversible error was committed in allowing her counsel to withdraw on the day after the denial of the foregoing motion for a continuance, which

date of withdrawal was the day set for trial of the action. Appellant's claim in this regard is that the motion of her attorneys to withdraw was granted in violation of the provisions of section 284 of the Code of Civil Procedure which permit a change of attorneys at any time before or after judgment or final determination "(1) upon the consent of both client and attorney, filed with the clerk, or entered upon the minutes; (2) upon the order of the court, upon the application of either client or attorney, after notice from one to the other. . . ."

Appellant's main complaint is that at no time was she given notice prior to the making and granting of the motion by her then attorneys to withdraw as her counsel. That this contention is without merit is made manifest by the record.

It appears therefrom that when appellant filed the instant action, she was represented by Attorneys Lowenthal and Elias. When she dismissed that action she was represented therein by Attorney Max M. Gilford. When appellant instituted the present action she was represented by Attorney Max M. Gilford. At the hearing on the order to show cause in this action she was represented by Messrs. Gilford, Russell and Robert Mendelson. On February 11, 1949, appellant filed in the instant action a "substitution of attorneys" wherein she was substituted in propria persona in the case. On May 24, 1949, Attorneys Clifford Thoms and David L. Sefman, acting as attorneys for appellant, served upon respondent Kalmus the aforesaid motion for continuance of this case. On the day of the hearing of the motion for continuance, Messrs. Thoms and Sefman filed a document substituting them as attorneys for appellant "in the place and stead of Natalie M. Kalmus, *in propria persona.*" On the day following the denial of the motion for continuance, when the case was called for trial, the last-named attorneys presented to the court a notice of motion for withdrawal as attorneys of record. The notice of motion read as follows:

"David L. Sefman and Clifford Thoms, attorneys at law, will move the above entitled Court on June 1, 1949, in the Department of the Presiding Judge, to withdraw as attorneys for the plaintiff and cross-defendant, Natalie M. Kalmus, on the grounds that they were employed by the said Natalie M. Kalmus for the limited purpose of attempting to secure from the above entitled Court a continuance of the trial in the above entitled matter which was set for hearing on June 1, 1949.

"Said motion is based upon the letter dated May 20, 1949, directed to Clifford Thoms and David L. Sefman, attorneys, and signed by Natalie M. Kalmus, a copy of which is hereto attached and upon the records and files in the above entitled action."

The letter referred to in the foregoing notice of motion, and a copy of which was attached thereto, is as follows:

"David L. Sefman and Clifford Thoms
420 Chester Williams Building
Los Angeles 13, California

In re: Natalie M. Kalmus v. Herbert Kalmus
Los Angeles Superior Court No. D370515

Gentlemen:

"This is to confirm our understanding that you are to act as my attorneys *for the limited purpose only* in attempting to secure from the above entitled Court a continuance of the trial of the above entitled matter, which is now set for hearing on June 1, 1949.

s/s NATALIE M. KALMUS
NATALIE M. KALMUS"

(Emphasis added.)

When the motion to withdraw just referred to was presented by Attorneys Thoms and Sefman it was opposed by respondent Kalmus until said attorneys filed with the court the original of the above-mentioned letter addressed to them by appellant.

As a matter of fact, no order permitting Attorneys Thoms and Sefman to withdraw was necessary, and notice to appellant under section 284 of the Code of Civil Procedure was therefore unnecessary. By her letter of May 20, 1949, appellant specifically confined the authority conferred upon the last-named attorneys to "act as my attorneys for the limited purpose only in attempting to secure from the above entitled Court a continuance of the trial. . . ." When the motion for continuance was denied their authorized service as appellant's counsel was completed and terminated. Had said attorneys attempted to act as appellant's counsel at the trial they would have been so acting without authorization and contrary to the limitation placed upon their services by appellant herself in the aforesaid letter. We therefore conclude that the motion of Attorneys Thoms and Sefman to withdraw must be assumed to have been made pursuant to the instructions of the appellant when she strictly limited

the scope of their employment. As heretofore pointed out, had these attorneys undertaken to represent appellant at the trial they would be acting without the scope of their authority, because such authority was strictly limited by appellant herself to representing her on the motion for a continuance. The withdrawal order was therefore properly made as one authorized and consented to by appellant herself in her letter aforesaid. ██ ██ One cannot be heard to complain of orders made by a court at the instance of such party, nor can complaint be made of claimed error when one himself has invited it (*Shapiro* v. *Equitable Life Assurance Society*, 76 Cal.App.2d 75, 94 [172 P.2d 725]; *In re Radovich*, 74 Cal. 536, 540 [16 P. 321, 5 Am.St.Rep. 466]; *Duff* v. *Duff*, 71 Cal. 513, 525 [12 P. 570]).

For the foregoing reasons, the judgment and orders from which these consolidated appeals were taken are, and each is affirmed.

Doran, J., and Drapeau, J., concurred.

The opinion was modified to read as above printed and a petition for a rehearing was denied May 8, 1951. Appellant's petition for a hearing by the Supreme Court was denied June 11, 1951. Carter, J., voted for a hearing.