[Civ. No. 14311.  First Dist., Div. One.  Feb. 10, 1951.]

FREDERICK G. TAYLOR, Respondent, v. IRVING GORDON et al., Defendants; VIRGINIA C. POPOFF, Appellant.

DOROTHY BOLANDER, Respondent, v. IRVING GORDON et al., Defendants; VIRGINIA C. POPOFF, Appellant.

234

Dana, Bledsoe & Smith for Appellant.

Delany, Jarvis, Fishgold & Werchick, Elmer P. Delany and Martin J. Jarvis for Respondents.

PETERS, P. J.—The two plaintiffs, Frederick Taylor and Dorothy Bolander, were injured in an automobile accident that occurred at 24th Avenue and Taraval Street in San Francisco on October 31, 1947. Each plaintiff filed an action naming Irving Gordon and Virginia Popoff as defendants, and charging both defendants with negligence. Contributory negligence was not an issue on the trial, nor is it made an issue on this appeal. The two actions were consolidated for trial. The jury awarded Taylor $10,000 and Bolander $2,000

against both defendants, and judgments on the verdicts were entered in these sums against both defendants. Popoff has appealed from both judgments; Gordon has not appealed, and as to him, the judgments have become final.

On this appeal Popoff does not question the sufficiency of the evidence to support the implied findings that she was negligent and that such negligence proximately caused the accident, nor does she question the sufficiency of the evidence to support the amount of the awards. Her sole contentions are that prejudicial error was committed in one of the instructions given by the court of its own motion, and that error was committed in refusing this defendant a continuance of the trial. There is no merit in either contention.

In order to understand the relevancy of these contentions, brief reference must be made to the facts of the accident. The accident occurred at 24th Avenue and Taraval Street in San Francisco. Taraval Street runs east and west; 24th Avenue runs north and south. Streetcar tracks are located on Taraval Street. On the night of October 31, 1947, at about 5:45 p. m., defendant Popoff was driving easterly on Taraval Street and defendant Gordon was driving westerly on the same street. Both cars were proceeding on their respective sides of the street near its center line. The plaintiffs alighted from a streetcar, westbound on Taraval Street, and waited in what would have been a safety zone, had it been marked, until the streetcar proceeded west. The two plaintiffs, who were acquaintances, then met in the safety zone, walked together to the easterly marked crosswalk on Taraval Street, and proceeded to cross that street, in the crosswalk, in a southerly direction. About the time that the two plaintiffs reached the center of Taraval Street the two cars operated by the respective defendants, and going in opposite directions, passed each other in the crosswalk where plaintiffs were walking. The two plaintiffs were caught between the two cars and each was hit and injured. The evidence shows that the Gordon car hit Taylor, and the Popoff car ran over the foot of Bolander. The evidence, and the reasonable inferences therefrom, are in conflict as to whether the Popoff car hit both plaintiffs, but there is substantial evidence that both automobiles were operated in a negligent fashion and that the joint negligence of the two defendants was the proximate cause of the accident. The injuries suffered by both plaintiffs were substantial.

The trial judge first instructed that he had a lawful right to comment on the facts, but that he did not intend to do so except "to state what you already know, or what has been already admitted." He then described the general nature of the consolidated actions and then stated: "I might also add the fact, which is not disputed and which you already thoroughly know, that this litigation originates from an accident that occurred about a year and a half or two years ago, at or upon the easterly crosswalk of Taraval Street and 24th Avenue. There is no dispute about the fact that the plaintiffs were in the crosswalk at the time that the accident occurred. *There is no dispute about the fact that the plaintiffs were struck by either one or both of the automobiles* driven by the respective defendants, Irving Gordon and Virginia Popoff." (Italics added.)

Appellant contends that by this instruction the jury was told that "There is no dispute about the fact that the plaintiffs were struck by . . . both of the automobiles driven by the respective defendants." She contends that the evidence is in conflict as to whether she hit plaintiff Taylor, and also points out that Taylor testified that he was hit by the Gordon car, and did not testify that he had been hit by the Popoff car. Under such circumstances, she contends that the jury could have found that Taylor's injuries were proximately caused solely by the negligence of Gordon, but, because of the challenged instruction, this issue was wrongfully taken from the jury. Of course, it would have been error for the trial court to have instructed that there was no dispute about an important fact, if that fact was in dispute. (*Scandalis* v. *Jenny*, 132 Cal.App. 307 [22 P.2d 545]; *Clarke* v. *Volpa Brothers*, 51 Cal.App.2d 173 [124 P.2d 377].) The difficulty with appellant's point is that it misinterprets the instruction, and then bases the claim of error upon such misconstruction. It is an undisputed fact in the case that each of the plaintiffs was hit by at least one of the offending vehicles. There is no doubt from the evidence that the Popoff car ran over the foot and struck the plaintiff Bolander. There is some evidence that Popoff admitted that her car also hit the plaintiff Gordon, although there is conflicting evidence on this issue. Taylor testified that he could only remember being hit by the Gordon car.

Appellant interprets the italicized portion of the instruction as telling the jury that it was undisputed that the Popoff car hit both Taylor and Bolander. To use appellant's own

language—(Reply Brief, p. 3) : "It is true that the instruction was in the alternative. But it is also true that the Court told the jury that the adoption of either alternative would be upon the basis of undisputed evidence. In other words, the jury was informed that the evidence was all one way to the effect that *either* car struck Taylor (referring to either car indiscriminately) and that the evidence was likewise all one way to the effect that *both* cars struck Taylor." This is a possible but a strained and distorted interpretation of the instruction. Reasonably construed, the instruction clearly implies, if it does not directly state, that either one of the plaintiffs may have been struck by only one of the offending vehicles. To construe the instruction to mean that both plaintiffs were struck by both vehicles the word "either" must be disregarded. ██ Instructions must be reasonably construed. The appellate courts are not permitted to seek out a possible and strained construction of the words used, and then infer that the jury followed that distorted interpretation. We should and must assume that the jury is constituted of reasonable men and women, and that they construed the instructions as would reasonable men and women. ██ So construed, there was no error in the instruction.

The only other point urged is that the trial court abused its discretion in refusing a continuance to the appellant Popoff. Prior to the trial the deposition of Popoff was taken by the plaintiffs, and at that time she testified at length— her deposition covers 18 pages of the transcript—as to her version of the facts of the accident. Also prior to the trial she had testified as to her version of the facts in a criminal proceeding instituted against Gordon, her codefendant. The trial commenced on the morning of March 21, 1949. After the jury was impanelled and the opening statements made, Popoff was called as the first witness for the respondents under section 2055 of the Code of Civil Procedure. At this time she testified in minute detail as to her version of the facts—her testimony covers the first 28 pages of the transcript. Her examination by counsel for respondents concluded at the end of that court day. She was not then examined by her own counsel or by counsel for the other defendant. The next morning—March 22, 1949—counsel for Popoff informed the court that his client had been quarantined with measles and would be in bed two weeks, and suggested that the case go over until his client

238

could be present. Counsel for plaintiffs objected to the trial going over for that length of time, and the trial judge expressed the view that it would be best for the trial to proceed. Respondents' attorney suggested that Popoff's deposition could be read, and that another deposition could be taken, if necessary, at the hospital. Dana, Popoff's counsel, objected to continuing without the presence of his client, but informed the court that the granting or denying the continuance was within the discretion of the court. After some discussion, and upon the insistence of the court, Dana agreed to continue upon the understanding that he was not waiving any of his client's rights. No ruling was then made on the motion for a continuance. The trial then proceeded with medical testimony. Argument on the motion was then renewed in chambers. Dana contended that the testimony of his client given under section 2055 of the Code of Civil Procedure was incomplete, because it was only cross-examination, and that the taking of his client's deposition would be complicated because she was suffering from a communicable disease. He also urged that he had the legal right to consult with his client during the trial. After some discussion, and without a ruling being made on the motion, it was agreed that a doctor selected by respondents' attorney should examine Popoff. Dana again stated that he was not waiving any rights.

On Monday, March 28, 1949, argument on the motion was resumed in chambers. Counsel for respondents suggested that the trial go over a week, at which time it was reasonably probable that Popoff could attend. The trial judge expressed some opposition to this procedure. Dana then offered to take his client's deposition that afternoon, if her doctor would permit. Counsel for respondents offered to stipulate that any portion of the pretrial deposition of Popoff or her testimony at the criminal trial, or both, could be read by Dana, but Dana stated that there were a few matters in reference to distances that had been brought out in Popoff's testimony under section 2055 about which he wanted to examine his client. There was then some general discussion, and then Dana stated: "I would recommend that we take her deposition [this afternoon], rather than have it go over to Monday, I would rather do that." Later that same day Dana informed the court that he was trying to ascertain whether his client would be available to come to court the next morning, and that he had some reason to believe that she might be able to appear then.

The next morning, Tuesday, March 29, 1949, Dana stated that his client was well enough to appear, but that her doctor believed that there was a chance—a reasonable chance—that she might still be infectious. Thereupon, the following occurred:

"MR. DANA: If your Honor please, counsel and I have made some stipulations. Mrs. Popoff is well enough, she thinks, and I am sure she could come to court, but the Doctor believes that there would be some chance, not remote but some reasonable chance that she might still infect someone with whatever measles she has, so Mr. Delany and counsel here have, I think, very generously stipulated that I might read her deposition in its entirety and that I might likewise read whatever testimony she offered on November 4 in a proceeding that we have referred to, at that time when she was a witness, and it was likewise stipulated with counsel that if she were called today that she would testify that she didn't at any time tell Officer Sullivan that she struck both pedestrians, but she said she came in contact with only the lady and that she would also deny that she had ever said, at least intentionally, that she didn't see the pedestrians until she was approximately opposite them.

"MR. DELANY: It is stipulated that the testimony as outlined in Mr. Dana's statement to the Court would be given, and it may be considered that she has taken the stand and has given that testimony. It will likewise be stipulated that he may read her deposition, as well as that portion or such portions as he may desire of the proceeding that he mentioned.

"MR. ALAIMO: Defendant Irving Gordon so stipulates, too, if your Honor please."

Thereafter, pursuant to this stipulation, Dana read Popoff's pretrial deposition into the record, and also read portions of her testimony given at the criminal trial of Gordon. The trial continued, and no further mention was made of the motion for a continuance. The court, in view of the stipulation, never did rule on the motion.

█ A motion for a continuance is addressed to the sound discretion of the trial court. That discretion may be abused, but in the absence of a showing of abuse the determination of the trial court is conclusive. Each case must turn upon its own facts. █ Here there clearly was no abuse of discretion. While Dana, when he first made the motion, was quite firm in his insistence that the motion be granted, as

the trial progressed he refused the offer of counsel for plaintiffs that the case be continued a week, stating that he would rather proceed in the absence of his client. Thereafter, he agreed to a stipulation that prior testimony could be read, and also requested and secured a stipulation that Popoff, if present, would deny certain testimony. This appellant took advantage of this stipulation, and thereafter made no further mention of the motion. It is quite apparent that the trial court believed, and reasonably so, that Dana had abandoned the motion. If Dana had not abandoned his motion he should have insisted on a ruling. This he did not do.

Even if there had been no abandonment of the motion there would have been no abuse of discretion in denying it on the showing made. If the presence of a defendant is necessary for the defense, the lawyer should make some showing that he is not in possession of all of the facts and in what way the absence of the client will prejudice the case. (*Ross v. Thirlwall,* 101 Cal.App. 411 [281 P. 714].) No such showing was made here.

Moreover, the only showing made by Dana, in support of his motion, was his unsworn statement that he had been informed that his client had the measles. This is not sufficient. In *Capital National Bank* v. *Smith,* 62 Cal.App.2d 328, 339 [144 P.2d 665], the court, in discussing the propriety of the denial of an oral motion of a defendant's counsel, supported by the certificates of two doctors, for a continuance because of the illness of his client, stated:

"Likewise there is no merit in the contention that the court erred in refusing to grant the motion of defendant Barbara de Bles for a continuance of the trial, which was orally made on June 16th. No affidavits were filed and no oral evidence was adduced in support of that motion. No showing of prejudice to that defendant on account of the denial of said motion was shown. The convenience of numerous attorneys and other interested parties and the expeditious proceedings of the court would have been injuriously affected by that requested continuance. It is true that liberality should be exercised in granting continuances when they are not prejudicial to the interests of other parties to the actions. [Citing cases.] The granting or denial of a motion for continuance of the trial is within the sound discretion of the trial judge, and such an order will not be disturbed on appeal except for an abuse of discretion. [Citing cases.] An application for continuance should be supported

by either affidavits or other valid proof satisfactorily showing the necessity for the presence of the absent party or witness, the fact that the interest of the party will suffer by his absence; and reasonable assurance that the party may be present at a future specified date to which the trial may be continued. [Citing authorities.] If the postponement is sought to procure the evidence of a party to the action or other witness, due diligence and the materiality of the evidence must be shown by affidavits. [Citing authorities.] None of the foregoing necessary requirements for the granting of a continuance were complied with."

The judgments appealed from are affirmed.

Bray, J., and Wood (Fred B.), J., concurred.