[Civ. No. 5494. Fourth Dist. Aug. 20, 1957.]

PEARL GORDON, Respondent, v. FRANK GORDON, Appellant.

Willard Whittinghill, Crittenden & Gibbs and Harry W. Heid for Appellant.

Ratelle & Forest for Respondent.

MUSSELL, J.—In this action for divorce, commenced on February 16, 1956, plaintiff alleged mental cruelty on the part of defendant and that there was no community property. The defendant in his cross-complaint sought a divorce on the same grounds and alleged that the parties owned as community property certain personal property and also a house and lot in San Diego. The trial court granted a divorce to plaintiff and awarded the real estate to her as her separate property. The defendant appeals from the judgment.

Plaintiff and defendant were married in Yuma, Arizona, on June 9, 1940 and separated February 9, 1956. At the time of the marriage the only property possessed by the parties was an automobile, on which they secured a loan to operate a small cleaning business in San Diego. Plaintiff testified that defendant did not work at the business half of the time; that "he was drinking pretty heavy then and sometimes he would leave me at 2:00 o'clock in the afternoon and probably wouldn't get back until 4:00 or 5:00 the next morning"; that she had to make excuses to the customers to keep the business going and had to do most of the work; that this business was sold, and in 1945 she bought the house and lot and made the $10,000 down payment herself; that in 1952, the defendant wanted her to make a loan on the house in

order that he could go to Alaska and dredge for gold; that she did not want him to go "but he tormented me until I gave in"; that she signed the loan papers on her home and obtained $1,500, which she gave to the defendant; that on September 30, 1952, the defendant deeded the real property involved to her as her sole and separate property; that in 1954, defendant came back from a trip to Alaska and had lost everything he had; that in 1954, he asked her to take out another loan on the home property for $5,600 and stated that was what he wanted as his part of the property, and that if she would give him that much, he would leave her alone and would not bother her any more; that she secured the loan and gave the defendant the sum of $5,600; that defendant then took everything out of the house that belonged to him "and other things that didn't"; that defendant got into trouble in Alaska and filed a divorce action against her because she would not "put up" her home to get him out of jail; that defendant wrote to her from the federal penitentiary, wanting her to get him out so that he could come and live with her again.

The record shows that defendant went to Alaska on at least two trips to dredge for gold; that he borrowed money to make the trips and to return, and when in Alaska, he wrote a check for $5,000, for which he was convicted and sent to federal prison.

Appellant first argues that the trial court erred when it denied his motion for a continuance to allow him to be present at the trial. The record shows in this connection that the complaint was filed on February 16, 1956, an answer and cross-complaint was filed on June 29, 1956, and the trial was set for October 3, 1956. The reporter's transcript indicates that the case then went "off calendar" for several months but it does not appear therefrom whether the postponement was at the request of plaintiff or defendant. The case was thereafter set for trial on January 22, 1957, and on that date defendant's counsel made an oral motion to continue the trial on the ground the defendant was unable to attend because he was then confined in federal prison. The motion was not supported by affidavits and it was denied by the trial court on the ground that the case had been on the calendar for several months and that there was no apparent reason why counsel could not have taken defendant's deposition in the matter.

The granting or denial of a motion for continuance on the ground of the unavoidable absence of a party rests in the

sound discretion of the court, and its conclusion thereon will not be disturbed unless there has been a plain abuse of discretion. (*Hurley* v. *Kazantzis,* 82 Cal.App.2d 378, 379 [186 P.2d 434].) No plain abuse of discretion appears in this connection.

Appellant next contends that the evidence is insufficient to support a finding of extreme cruelty. We do not agree with this contention. In *Cline* v. *Cline,* 4 Cal.App.2d 626, 627 [41 P.2d 588], it was held that no hard and fast rule can be established as to what particular facts must be alleged and proved to justify a finding that a spouse has undergone grievous mental suffering; that a correct decision must depend upon the sound sense of justice of the trial court; and that it is a question of fact to be deduced from all the circumstances of each case. (See also *Bixby* v. *Bixby,* 120 Cal.App.2d 495, 502 [261 P.2d 286].) In *Wilson* v. *Wilson,* 58 Cal.App. 2d 641, 646 [137 P.2d 700], it is said:

"It is settled law in this state that the finding of the trial court on this question will not be disturbed on appeal unless the evidence in support thereof is so slight as to indicate a want of the ordinary good judgment and an abuse of discretion by the trial court."

While plaintiff herein did not testify directly that the acts alleged caused her grievous mental suffering, no other inference could be drawn from the evidence and there was no abuse of discretion shown. (*Bush* v. *Bush,* 72 Cal.App.2d 487, 492 [164 P.2d 774].) The testimony of the plaintiff herein, which was corroborated by other testimony was sufficient to support the finding of extreme cruelty under the rules announced.

Appellant's next and final contention is that the evidence is insufficient to support a finding that the property of the parties acquired after marriage is the sole and separate property of the plaintiff. This argument is likewise without merit. There does not seem to be any controversy herein concerning the personal property acquired by the parties, and appellant's argument is to the effect that the evidence showed that the realty was community property. However, the record shows that plaintiff made the down payment of $10,000 on the property from her bank account; that on September 30, 1952, the defendant executed a deed to plaintiff of the real property involved as her sole and separate property; that in 1954 the defendant, in consideration of the sum of $5,600, obtained by plaintiff for him by means of a loan

on the property, waived any further claim he had, if any, to an interest in the property and accepted the said sum in full payment thereof. There is substantial evidence to support the award to plaintiff of the real property involved. Furthermore, where, as here, the divorce was granted on the ground of extreme cruelty, it was within the discretion of the trial court to award her all of the community property, if any. (Civ. Code, § 146, subd. 1; *Barham* v. *Barham,* 33 Cal.2d 416, 431 [202 P.2d 289].)

Judgment affirmed.

Barnard, P. J., concurred.