[Civ. No. 24930.   Second Dist., Div. Two.   Sept. 14, 1960.]

THOMAS EARL WHALEN, Petitioner, v. SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent; ILENE McMILLAN, Real Party in Interest.

*Assigned by Chairman of Judicial Council.

Spray, Gould & Bowers for Petitioner.

Harold W. Kennedy, County Counsel, William E. Lamoreaux, Assistant County Counsel, and Donald K. Byrne, Deputy County Counsel, for Respondent.

No appearance for Real Party in Interest.

KINCAID, J. pro tem.*—Petitioner seeks mandate to compel the respondent court to vacate its order denying his motion for a continuance of a trial and to require such court to make order granting a continuance until some date after January 1, 1961.

The real party in interest, Ilene McMillan, commenced action number SM C 7109 on June 25, 1959, against the petitioner for personal injuries alleged to have resulted when she, a pedestrian, was struck by an automobile operated by petitioner. Petitioner's answer, in addition to denying negligence and damage, alleged defenses of contributory negligence and assumption of risk. Issue was joined and the action was set for trial in the respondent court on August 15, 1960.

*Assigned by Chairman of Judicial Council.

The showing made in support of the motion for a continuance until on or after January 1, 1961, was, in effect, that, on August 10 or 11, 1960, petitioner's attorneys first learned through information given them by his mother that petitioner had been commissioned an ensign in the United States Naval Reserve on June 10, 1960; that he had left California on July 10, 1960, was presently at Hong Kong in naval service and would not be able to return to the United States until December, 1960.

The showing further indicated that, upon ascertaining said information, petitioner's attorneys promptly notified the clerk of respondent court and advised him that the case was not ready for trial because of petitioner's absence and promptly advised the attorney for the plaintiff-real party in interest of such facts and that a continuance of the trial date was desired. The attorney for said plaintiff thereupon agreed to a continuance.

On August 15, 1960, the foregoing facts were presented to the trial judge both orally and by supporting affidavits and petitioner's attorneys moved the court for an order granting a continuance of the trial until such time as petitioner will have returned to the United States; that it was imperative to have petitioner present at the trial in order that he might have his full day in court and that he has a meritorious and valid defense to the action.

The respondent court denied petitioner's motion for a continuance of the trial except to continue same until August 19, 1960, for purpose of allowing petitioner to petition this court for a prerogative writ.

We recognize that the granting or denying of a continuance is ordinarily a matter resting within the discretion of the trial court and that the latter's determination will not be interfered with, except upon a showing of abuse of discretion. (*Gordon* v. *Gordon*, 153 Cal.App.2d 373, 375-376 [314 P.2d 511]; *Hurley* v. *Kazantzis*, 82 Cal.App.2d 378, 379 [186 P.2d 434].)

The unavoidable absence of a party does not necessarily compel the court to grant a continuance. In such instance the court should be governed by the course which seems most likely to accomplish substantial justice, and it may take into consideration the legal sufficiency of the showing in support of the motion and the good faith of the moving party. (*McElroy* v. *McElroy*, 32 Cal.2d 828, 832 [198 P.2d 683].)

The right of a party to be present at the trial may be waived where the absence of the party is voluntary and

under circumstances which ought not to induce a reasonable man having a due regard for the rights and interests of others and of the public, all of whom are interested in the due and prompt administration of justice, to absent himself. (*Jaffe v. Lilienthal,* 101 Cal. 175, 177 [35 P. 636].)

█ Liberality should be exercised in granting continuances when they are not prejudicial to the interests of other parties to the action. (*Capital National Bank v. Smith,* 62 Cal.App.2d 328, 339 [144 P.2d 665].)

██ Herein the uncontradicted facts show that petitioner received his commission in the Navy only some two months before date of his trial and was soon thereafter transported to the far Pacific theatre of naval operations. He neglected to advise his attorneys of these developments and, in preparing his case for trial, such attorneys learned of his involuntary absence from the jurisdiction about August 10 or 12, being only shortly before the trial date of August 15. The attorneys promptly advised the plaintiff, through her counsel, of this development and of the necessity to seek a continuance of the trial for a reasonable period in order to permit the essential testimony of petitioner to be obtained for use at such trial.

The plaintiff consented to such a continuance thus establishing that her interests would not be prejudiced thereby.

Although the foregoing facts were presented to the court through affidavits and it was shown that no previous continuance of the trial date had been sought by either party, the court refused the motion of petitioner for a reasonable continuance and entered its order denying such motion.

Each case must be decided upon its own facts. (*Taylor v. Gordon,* 102 Cal.App.2d 233, 239 [227 P.2d 64].) We would not be understood as implying that the trial court's discretion is to be ordinarily interfered with; but, under the particular uncontradicted facts shown herein, we are of the opinion that the order denying the motion for a reasonable continuance represented an overzealous, if otherwise laudable effort to expedite the disposition of matters affecting its court calendar; that, in the interests of substantial justice, especially since petitioner is absent because of duties compelled by military service to his country, his motion should have been granted. (See *Culver v. Superior Court,* 125 Cal.App.2d 76 [270 P.2d 78].)

█ We conceive it to be the duty of a reviewing court to intervene when the uncontradicted facts clearly indicate that the trial court had a duty to grant a requested con-

tinuance for a reasonable period and that its refusal to do so must be construed as amounting to an abuse of its discretion. (*Hays* v. *Viscome*, 122 Cal.App.2d 135 [264 P.2d 173].)

Mandate lies to control judicial discretion when that discretion has been abused. (*State Farm etc. Ins. Co.* v. *Superior Court*, 47 Cal.2d 428, 432 [304 P.2d 13].)

Let a peremptory writ of mandate issue directing the trial court to set aside its order denying the motion for a continuance of the date of trial and to enter its order granting that motion for such a reasonable period as to either permit the personal presence of petitioner at the trial or, in lieu thereof, the presentation of his testimony by way of properly taken deposition.

Fox, P. J., and Ashburn, J., concurred.