[Civ. No. 19135.   First Dist., Div. One.   Apr. 24, 1961.]

HELEN L. SPIVAK, Appellant, v. LESLIE A. SPIVAK, Respondent.

Budd W. MacDonald for Appellant.

James G. Quinn, Jr., and William H. Quinn for Respondent.

BRAY, P. J.—The trial court granted each of the parties a divorce against the other on the grounds of extreme cruelty. Plaintiff appeals from those portions of the interlocutory judgment and decree of divorce which granted defendant a divorce and awarded defendant half of the community property.

Plaintiff contends that there is no evidence that the acts of plaintiff caused defendant any "grievous mental suffering." Therefore, says plaintiff, the court should not have granted defendant a divorce and should have awarded her more than half of the community property. Section 94, Civil Code, defines "extreme cruelty" as "the wrongful infliction of grievous bodily injury, or grievous mental suffering, upon the other by one party to the marriage."* The court found that both parties were culpable and guilty of extreme cruelty, each toward the other. ▮ The evidence supporting the court's finding of plaintiff's cruelty follows:

Plaintiff lied to defendant concerning the disposition of certain war bonds; she failed to keep the house neat and clean, allowing piles of laundry to accumulate, washing only what was immediately necessary; there was "in law" trouble with defendant's mother-in-law and sister-in-law; the "in laws" not only lived with the parties, but after being asked to leave, later purchased the house next door; there were frequent quarrels over money matters; there was a lack of marital relations; there were accusations by plaintiff that defendant was dumb and stupid and incapable of handling money matters.

Defendant's complaints about the plaintiff's sloppy housekeeping, filthy bathrooms, dirty bed clothing for the children, sinks piled full of dirty dishes, and piles of dirty clothes were corroborated by defendant's father. The father also testified that the plaintiff ignored defendant entirely; quarrelled with him over small matters and found fault with him while defendant apparently treated plaintiff with love and affection.

Although there was other evidence to the contrary, we are bound by the court's resolution of the conflict. The above evidence is sufficient to support the judgment, even though every

---

*No claim was made by defendant that plaintiff's acts inflicted on him any bodily injury.

act charged by defendant was not corroborated. ▮▮▮▮ In *Griffith* v. *Griffith*, 129 Cal.App.2d 803 [277 P.2d 850], the court stated:

"The sufficiency of the corroborative testimony, as in the present case, lies in the sound discretion of the trial court. [Citation.] It is likewise settled that it is unnecessary that all of plaintiff's testimony be corroborated. [Citation.] It is sufficient if the corroborative evidence strengthens and confirms the testimony of the party seeking a dissolution of the marriage. [Citation.]" (P. 809.)

The father's testimony meets this test.

▮▮▮▮ Applicable here as to plaintiff's contention that there was no evidence that plaintiff's acts caused defendant grievous mental suffering is the following: "While plaintiff herein did not testify directly that the acts alleged caused her grievous mental suffering, no other inference could be drawn from the evidence and there was no abuse of discretion shown. (*Bush* v. *Bush*, 72 Cal.App.2d 487, 492 [164 P.2d 774].) The testimony of the plaintiff herein, which was corroborated by other testimony was sufficient to support the finding of extreme cruelty under the rules announced." (*Gordon* v. *Gordon* (1957), 153 Cal.App.2d 373, 376 [314 P.2d 511].)

Judgment affirmed.

Tobriner, J., and Duniway, J., concurred.