[Civ. No. 20589. First Dist., Div. Two. Apr. 12, 1963.]

THELMA BALLARD, Plaintiff and Appellant, v. HARRY D. BALLARD, Defendant and Respondent.

80

Wexler & Wexler and Louis E. Wexler for Plaintiff and Appellant.

Harry K. Wolff, Jr., and Wolff & Wolff for Defendant and Respondent.

KAUFMAN, P. J.—This is an appeal from an interlocutory decree of divorce. By plaintiff's complaint, the court was requested to grant her a decree of separate maintenance. After denial of the defendant-husband's motion for a change of venue, he filed his verified answer and cross-complaint for divorce on the ground of mental cruelty. The court denied plaintiff relief on her complaint for separate maintenance and granted the defendant a divorce on his cross-complaint and

made certain findings concerning the property of the parties. This appeal by the plaintiff-wife is confined to the divorce only. She argues that: 1) the evidence is insufficient to sustain the finding that the respondent was a resident of San Mateo County; 2) the evidence is insufficient to sustain the finding of extreme cruelty; and 3) she was denied a fair trial because of the trial court's aversion to actions for separate maintenance. There is no merit in any of these contentions.

■ Appellant first argues that the court erred in granting a divorce to the respondent husband because there was no independent corroboration of the jurisdictional requirement of residence. This contention is based on respondent's motion for a change of venue which was supported by his affidavit stating that he was an actual and bona fide resident of the City and County of San Francisco. At the hearing, the respondent testified that because of his work as a traveling salesman, he had spent a great deal of time living in various motels in San Francisco but that he had in fact maintained his residence in San Mateo County and had all of his mail directed to a post office box there. His testimony was corroborated by that of the witness Hardy. The trial court went into the question of residence and indicated that it was a matter of intent. The court found that the respondent was a resident of San Mateo County. We can only conclude that this finding is supported by the evidence and adequately corroborated, as required by section 128 of the Civil Code. We also note that, according to the pretrial order, the parties stipulated to the jurisdictional facts (cf. *Muther* v. *Muther,* 212 Cal.App.2d 778 [28 Cal.Rptr. 200], holding circumstantial evidence of residence as sufficient corroboration where the answer admitted the jurisdictional requirements).

■ As to appellant's second contention relating to the sufficiency of the evidence to sustain the finding of extreme cruelty against her and the corroboration thereof, it is not the function of this court to reweigh conflicting evidence and to redetermine the matter at hand. ■ Where a divorce is sought upon the ground of extreme cruelty, the infliction of grievous mental suffering is a question of fact to be determined from the circumstances of the case and the decision reached by the trial court will not be disturbed unless the evidence is so slight as to indicate an abuse of discretion (*Visini* v. *Visini,* 212 Cal.App.2d 183 [27 Cal.Rptr. 782]).

■ Our function has been fully performed when we find in the record substantial evidence which supports the holding of the trial court (*Sanchez* v. *Sanchez,* 55 Cal.2d 118, 126 [10 Cal.Rptr. 261, 358 P.2d 533]). ■ Unless a clear case of abuse is made to appear, an appellate court will not substitute its opinion and thereby divest the trial court of the discretionary power reposed in it. ■ The burden is on the appellant to establish an abuse of discretion. ■ An appellate court is not justified in substituting its discretion for that of the trial court unless there has been a miscarriage of justice (*Frizzell* v. *Frizzell,* 158 Cal.App.2d 652 [323 P.2d 188]). Without reciting at length the evidence in this case, suffice it to say that we have read the complete record and it demonstrates no abuse of discretion but ample support for the findings and conclusions of the trial court. The trial court had the parties before it and could observe them in the light of their testimony and evidence.

Appellant next contends that the respondent's charges of mental cruelty were not corroborated by other testimony as required by section 130 of the Civil Code. ■ It is unnecessary that all the testimony be corroborated, it being sufficient if the corroborative evidence strengthens and confirms the testimony of the party seeking a dissolution of the marriage (*Spivak* v. *Spivak,* 191 Cal.App.2d 455 [12 Cal.Rptr. 786]). Here, the testimony of the witness Hardy provided adequate corroboration. ■ The main purpose of the corroboration requirement of section 130 of the Civil Code is to prevent collusion between the parties (*Belmont* v. *Belmont,* 188 Cal.App.2d 33 [10 Cal.Rptr. 227]). ■ In a contested action, such as this one, where there is no suggestion of collusion, only slight corroboration is required and the sufficiency of the corroborative evidence rests with the trial court (*LeVanseler* v. *LeVanseler,* 206 Cal.App.2d 611 [24 Cal.Rptr. 206]).

The final contention on appeal is that the appellant failed to obtain a fair trial in her action for separate maintenance because of the trial court's declared aversion to such actions. There is absolutely no merit in this contention. The record shows that the trial court at the request of the parties at the close of the evidence saw both of the parties in chambers in order to ascertain whether there was any possibility of a reconciliation. The trial court was doing its best to attempt to solve a difficult situation. The informal opinions of the trial court and remarks made from the bench during the trial can-

not be used to upset findings later which contain the true and only decision in the case. The court's findings of fact prevail over preliminary opinions expressed by the judge and are not controlled, modified or restricted by them, nor can they be impeached by the court's opinions or remarks (*Visini* v. *Visini, supra*). The court here found that the respondent was entitled to a divorce upon the ground of extreme cruelty and the appellant was not entitled to relief on her complaint for separate maintenance. These findings conclude the matter on appeal.

Interlocutory decree of divorce is hereby affirmed.

Shoemaker, J., and Agee, J., concurred.