449 P.2d 975

**STOUFFER HOSPITAL FOODS SERVICES, INC., Petitioner,**

v.

**The SUPERIOR COURT of the State of Arizona IN AND FOR the COUNTY OF PIMA; and Forrest R. Fincher and Virginia Fincher, husband and wife; Tucson Medical Center, a corporation, Respondents.**

**No. 2 CA–CIV 660.**

Court of Appeals of Arizona.

Jan. 31, 1969.

Murphy & Vinson, by Carl E. Hazlett, Tucson, for petitioner.

PER CURIAM.

A third-party defendant in a products liability action has asked this court for a writ to prohibit the superior court from proceeding with a scheduled trial. The gist of the petition to this court is that the third-party defendant did not have a reasonable opportunity to prepare for the pretrial conference held in this action on January 21, 1969, and will not have had adequate time to prepare for the trial date of February 10, 1969, set at that conference.

In the trial court, all parties to this action stipulated that the pretrial conference of January 21, and the tentative trial date of February 10, 1969, should be continued for a period of 60 to 90 days in order to enable the third-party defendant to properly prepare. This stipulation was treated by the trial court as a motion for continuance and was denied. Prior to bringing the petitioner into this action, by the filing of a third-party complaint, a certificate of readiness had been filed by the plaintiff and the pretrial conference, with a tentative trial date, scheduled. The third-party defendant was not notified of these settings until January 14, 1969, one week preceding the pretrial.

This court is reluctant to interfere with scheduling of cases in the trial court. We appreciate that a superior court, such as that existing in Pima County, is harassed with the attempt to schedule more cases than the available judges and courtrooms can accommodate. Generally, we believe that trial judges should be commended for viewing the problem of scheduling cases for trial as one in which the court itself has an interest. Whenever delay unnecessarily occurs in the administration of justice, the badge of the judicial system itself is tarnished. Where the courts are in most disrepute, it is there that justice is the most delayed.

We do not regard the stipulation of all counsel to an action as being a mandate to the trial bench to grant a delay in scheduling a case. Proper calendaring for a busy court requires the consideration of many factors other than the convenience of counsel. However, the fact that

**140**

litigants on all sides, through their counsel, agree that one party will not have had sufficient time to prepare for trial is a matter that must be given at least some consideration in determining whether a continuance is merited.

Here, the petition for special writ is unopposed. From the record before us, there would appear to be a clear failure to give to the petitioner the notice specified in Rule 5(g), Uniform Rules of Practice for the Superior Court, 17 A.R.S.:

> "Cases on the Active Calendar, other than short causes, shall be set for pretrial conference on a date approximately two weeks prior to the estimated date of trial *and counsel shall be given at least thirty days notice of the date of such conference in writing or orally in open court.*" (Emphasis added)

■ We can conceive of circumstances when a trial court might be justified in shortening this time, but we see no such special circumstances here. A food products liability case, as in the case at bar, is one that will ordinarily require somewhat more preparation than a run-of-the-mill negligence case. We have no factual basis for discounting the assertion of the petitioner that it has not had adequate time to prepare for the pretrial or for the trial now scheduled. The pretrial conference is a proceeding of substantial significance in our practice. See Loya v. Fong, 1 Ariz.App. 482, 404 P.2d 826 (1965). That the refusal to grant a continuance is an appropriate subject for special writ relief is established by such cases as Whalen v. Superior Court, 184 Cal.App.2d 598, 7 Cal.Rptr. 610 (1960); and Chedotal v. Richard, 183 So.2d 665 (La.App.1966).

On this record, we find ourselves constrained to grant the relief sought. This opinion shall constitute a peremptory writ prohibiting the trial of this action until there has been a pretrial conference conducted with reasonable notice thereof to all parties.

NOTE: Judge HERBERT F. KRUCKER having requested that he be relieved from consideration of this matter, Judge GORDON FARLEY was called to sit in his stead and participate in the determination of this decision.